## BROCK v. CULLUM BROS. (No. 2355.)

(Court of Civil Appeals of Texas. Amarillo.
June 18, 1924.)

**1. Garnishment ☞194—Motion to quash writ of garnishment must be in writing.**

Court erred in entertaining oral motion to quash writ of garnishment, as all motions in district and county courts must be in writing, under Rev. St. art. 2118 et seq., and rules Nos. 21 and 22 for district and county courts.

**2. Garnishment ☞88—Unnecessary that affidavit state that neither of two defendants had property within state.**

It was not necessary for affidavit for garnishment to state that neither of two defendants had property within state subject to execution sufficient to satisfy debt, where it appeared judgment was against one of defendants only "in the event that plaintiff is unable to recover the full amount of his judgment" from other defendant.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Action by P. O. Brock against Sam Dane and another and Cullum Bros., as garnishee. From a judgment quashing writ of garnishment, plaintiff appeals. Reversed and remanded.

Starnes & Howard, of Lubbock, for appellant.

Wilson & Douglas, of Lubbock, for appellee.

BOYCE, J. P. O. Brock, in a suit against Sam Dane and F. H. Bauers, recovered judgment against Sam Dane for the sum of $205.20. This judgment further adjudged:

"That in the event the plaintiff is unable to recover the full amount of his judgment from the said defendant Sam Dane, then the said plaintiff, P. O. Brock, do have and recover of and from the defendant F. H. Bauers the balance of said amount not recovered from said defendant Sam Dane, not to exceed the sum of $60, with interest from and after this date," etc.

A garnishment was sued out on this judgment. The affidavit for a garnishment recited:

. That the plaintiff "recovered judgment against the said defendants for the sum of $205.20, with interest," etc., "and that said defendant has not, within the knowledge of plaintiff or the person making affidavit in support of this application, property in his possession within this state

subject to execution sufficient to satisfy such judgment."

The affidavit further stated that the plaintiff had reason to believe that Cullum Bros., a partnership composed of Dyke Cullum and W. D. Cullum, were indebted to the defendant Sam Dane.

The garnishees answered that they were indebted to Sam Dane in the sum of $350, but that there were certain undetermined offsets and credits to which they were entitled; wherefore they prayed that they be given time in which to make settlement with said Dane and to determine the amounts of credits and offsets properly applicable to said indebtedness. Some four months after the filing of this answer the court entered judgment quashing the writ of garnishment; it being recited therein that the defendant garnishee had filed an oral motion to quash, the grounds of which were that—

"The affidavit for garnishment did not set out that defendants, there being two, did not have property in Texas subject to execution," etc.

The judgment further recited that said garnishment was quashed for said reason.

[1.] It is first urged that the court committed error in entertaining an oral motion; that under our practice all motions in the district and county courts must be in writing. We think this proposition is well taken. R. S. art. 2118 et seq.; Rules Nos. 21 and 22 for District and County Courts; Houston v. Jones, 4 Tex. 170; Ray v. P. & N. T. Ry. Co., 40 Tex. Civ. App. 99, 88 S. W. 466.

[2] We are inclined to the opinion also that it was not necessary for the affidavit in this instance to state that neither of the defendants had property within this state subject to execution sufficient to satisfy such debt. The reason for the rule applied in such cases as Buerger v. Wells, 110 Tex. 566, 222 S. W. 151, does not apply to such a judgment. The judgment in this case is against Bauers only "in the event the plaintiff is unable to recover the full amount of his judgment from the defendant Sam Dane," and even in that event the judgment is against Bauers only for the sum of $60. It was the plaintiff's duty to collect the judgment, if he could, against Dane, and we think he had the right to do this by garnishment, without showing that Bauers did not have sufficient property in the state to satisfy the judgment of $60 against him.

Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes