## M. O. NEWLIN V. W. B. SMITH.

No. 7794.  Decided March 19, 1941.
Rehearing Overruled April 30, 1941.
(150 S. W., 2d Series, 233.)

*Ewell H. Muse, Jr.,* of Austin, for plaintiff in error.

The trial court erred in hearing the plea of privilege filed by the defendant, over the objection of plaintiff, at the same time he did the case on its merits, because the defendant had the right to have his plea of privilege determined first and it was improper to force him into a trial of the case before that plea was determined. Compton v. Elliott, 126 Texas 232,

88 S. W. (2d) 91; Compton v. Elliott, 133 Texas 391, 129 S. W. (2d) 619; Benson v. Fulmore, 269 S. W. 71.

*Lamar Cecil* and *Hollis Kinard,* both of Beaumont, for defendant in error.

The hearing of the plea of privilege filed by defendant at the same time as the case upon its merits was heard was not improper and was a correct exercise of the court's discretion and under the evidence resulted in no harm to the defendant. Steinberg-Maas Co. v. Northcutt, 121 S. W. (2d) 1021; Wichita Mills & Elevator Co. v. Simpson, 227 S. W. 353; Producers Oil Co. v. Daniels, 249 S. W. 308.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. B. Smith filed this suit against M. O. Newlin, doing business as Newlin Truck Lines, for injuries sustained by his wife in an automobile collision. Newlin answered by plea of privilege to be sued in Harris County, and, subject to his plea of privilege, by demurrers, general denial, etc. Newlin pleaded a motion for a separate trial on his plea of privilege. The trial court overruled this motion, and the hearing on the plea of privilege was had at the same time as the trial on the merits. Based upon the findings of the jury, judgment was rendered in favor of Smith in the sum of $5,100.00. Appeal was made to the Court of Civil Appeals at Beaumont, and the judgment of the trial court was affirmed. 142 S. W. (2d) 610.

Newlin contends (1) that the trial court erred in not sustaining his motion for a trial on his plea of privilege separate from a trial on the merits of the case, and (2) that the Court of Civil Appeals erred in holding that it was within the discretion of the trial court to hear the appellant's plea of privilege at the same time and along with the trial on the merits of the case.

This case involves the construction of Articles 1995, 2007, and 2008, Revised Civil Statutes of 1925. Smith undertakes to hold the venue of this cause in Orange County under subdivision 9 of Article 1995, by reason of a collision which occurred in that county. Newlin resides in Harris County. Article 1995 provides that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases: * *." Then follow certain exceptions, and among them is subdivision 9 of said Article, which reads as follows:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■ It clearly appears that the predominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule has prevailed in this State since the early case of Pool v. Pickett, 8 Texas 122. This Court has also established the rule that, to deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in the statutes, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S. W. (2d) 619; Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91.

The Court of Civil Appeals held that the failure of the trial court to grant a separate trial of the plea of privilege and permit a trial upon the merits of the cause was not error. This holding of the Court of Civil Appeals was based principally on the authority of Gilmer v. Graham (Tex. Com. App.), 52 S. W. (2d) 263. We think this holding is in conflict with the holding of this Court in the cases of A. H. Belo Corp. v. Blanton and Compton v. Elliott, supra. In the case of A. H. Belo Corp. v. Blanton, supra, this Court said: "The procedure prescribed in Articles 2007 and 2008 shows how the venue facts may be determined and how litigants can ascertain where venue properly lies. This procedure relieves litigants of the hardships of a trial upon the merits in a county where venue does not lie. An appeal may be taken from the judgment sustaining or overruling the plea of privilege."

■ It clearly is the purpose of the statutes to compel the plaintiff to show that venue lies in a county other than where the defendant resides. That burden is placed upon the plaintiff, and the defendant is entitled to have the venue issue tried first, in order to ascertain where venue lies. Where the plaintiff files a suit in a county where the defendant does not reside, under one of the exceptions provided for by statute, he should not be permitted to put the defendant to great expense and inconvenience by taking his witnesses to such county for the purpose of a trial upon the merits. As a rule, the venue question is not as broad as the issues involved in the main law suit. The purpose of the law is not to compel a defendant to take

his witnesses and travel to a distant county far from his residence, and thus be put to the expense and inconvenience of trying a cause upon the merits at the same time that he is trying the question of venue. The defendant is entitled to have the venue question definitely settled before he is compelled to try the case upon the merits. The law authorizes an appeal to be taken from the judgment sustaining or overruling the plea of privilege. This, however, does not mean that an appeal from an order overruling a plea of privilege will suspend a trial on the merits. Art. 2008, R. C. S. 1925; Allen v. Woodward, 111 Texas 457, 239 S. W. 602, 22 A. L. R. 1253.

In the case of Farmers Seed & Gin Co. v. Brooks, 125 Texas 234, 81 S. W. (2d) 675, the distinction between a trial upon a plea of privilege and a trial upon the merits of the case is clearly pointed out. This Court held that a hearing on the plea of privilege took precedence over a hearing on the merits of the case. Any other holding would practically annul the venue statutes. The expressions in the case of Gilmer v. Graham, supra, inconsistent with the views expressed herein are disapproved.

The judgments of the trial court and of the Court of Civil Appeals are hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.

Opinion delivered March 19, 1941.

Rehearing overruled April 30, 1941.