## BRADFORD v. POWELL.

### No. 11325.

Court of Civil Appeals of Texas. Galveston.
May 7, 1942.

Rehearing Granted in Part June 11, 1942.

Further Rehearings Denied July 1, 1942.

Austin Y. Bryan, Jr., and Chilton Bryan, both of Houston, C. A. Erickson, of Bay City (Bryan & Bryan, of Houston, and Styles & Erickson, of Bay City, of counsel), for appellant.

B. C. Johnson and Fuller C. Blackwood, both of Houston, for appellee.

CODY, Justice.

This is a road-crossing automobile collision case. Appellee, who was plaintiff below, obtained judgment against defendant

for $10,000, and defendant has appealed. The parties have seen fit to extend the record in this case to some 335 pages in the transcript, to a 1,065-page statement of facts proper, and to 232 pages in the statement of facts covering the hearing on the motion for new trial. Except as to the statement of facts covering the hearing on the motion for new trial the parties appear to be equally at fault for the excessiveness of the record in this case.

Appellant relies upon ten points for reversal of the trial court's judgment, which in substance are as follows:

1. That the jury by their answer to special issue No. 38 found appellee guilty of negligence as a matter of law.

2. That judgment should have been rendered for appellant notwithstanding the verdict because the jury answered special issue No. 38 so as to show that appellee failed to keep a proper lookout.

3. That there were irreconcilable conflicts in the answers to special issues Nos. 38 and 39 which prevent any judgment from being rendered for appellee.

4. That it was reversible error for the court to refuse appellant, upon a seasonable request therefor, a separate trial before a separate jury, on her pending plea of privilege.

5. That the jury was guilty of misconduct requiring a reversal of the judgment entered upon the verdict.

6. That the court misplaced the burden of proof in special issue No. 28.

7. That it was error to submit special issue No. 1.

8. That in numerous instances (which appellant specifies) the verdict of the jury in answer to special issues present irreconcilable conflicts of a substantial nature.

9. That the court erred in submitting the issue inquiring about the amount of damages.

10. That the court should have instructed a verdict in favor of appellant.

■■ We have concluded that we are required to reverse the judgment of the court below because of the error pointed out by appellant's fourth point. The decision by the Supreme Court in Newlin v. Smith, 236 Tex. 260, 150 S.W.2d 233, was handed down shortly subsequent to the trial of this case; and such decision has settled it that the purpose of the venue statutes is to compel a plaintiff to show that venue lies in a county other than where the defendant resides, and that the defendant is entitled to have the venue issue tried before he is compelled to try the case on the merits, and that deprivation of such right of defendant is reversible error.

Now it is not questioned that the trial court compelled appellant to try her venue suit at the same time that a trial was had on the merits; but appellee contends that appellant has not preserved the record of such error in such form as to be available on appeal. From the minutes of the trial court it appears that the court on February 8, 1941, made the following entry upon the trial docket: "Motion of defendant to have separate trial on plea of privilege overruled and separate trial refused and ordered that plea of privilege be tried with trial on merits as per order to which defendant excepts." This order overruling appellant's motion for a separate trial on her plea of privilege, and her exception thereto, appears in the transcript, and appears there to have been entered in the court's minutes. The clerk's certificate to the transcript shows that "the foregoing 338 pages contain a true and correct transcript of all of the proceedings had in cause No. —— as same appears of record and on file in the office of the District Clerk of Brazoria County."

■ In Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, 566, the Supreme Court, speaking through the Commission of Appeals, held: "Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such record; and docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court. R.S.1925, Arts. 1899, 1902, 1918; Rule 65 for District Courts; Ex parte Rains, 113 Tex. 428, 433, 257 S.W. 217; Daniel v. Daniel, Tex.Civ. App., 128 S.W. 469 (application for writ of error refused); Noblett v. Olive, Tex. Civ.App., 259 S.W. 305; De Zavala v. Scanlan, Tex.Com.App., 65 S.W.2d 489, 491." Therefore, when the entry upon the judge's docket, was entered of record, i. e., entered into the minutes of the court, it thereby attained the same standing and dignity that any other order or judgment which is duly entered of record attains to;

that is, it appears on the "judgment roll". See Johnson v. Campbell, Tex.Civ.App., 154 S.W.2d 878. A mere entry upon a judge's docket, while not being such a showing as will be taken notice of on appeal, is such a record as would justify the trial court entering a judgment thereon nunc pro tunc; and when a judgment nunc pro tunc is entered in the minutes, then such judgment would become such a judgment entered of record, as would be noticed on appeal. See Ex parte Dick Rains, 113 Tex. 428, 257 S.W. 217. The action of the trial court denying appellant her right to a separate trial on her plea of privilege being made to appear to have been duly entered of record, as well as her exception thereto, it presents reversible error in such form that we are constrained to reverse the judgment of the trial court.

■■■■ It is appellee's contention that the trial court may consolidate a trial on the plea of privilege with a trial of the case on its merits; and that the court's action in so doing is not reversible error in this case in the absence of a contention or showing by appellant of injury. Article 2160, Vernon's Ann.Tex.Civ. Statutes, does not empower the court to consolidate the trial on a plea of privilege with a trial on the merits; by its terms said article applies only to separate suits; and a plea of privilege is a dilatory plea in a suit. However, in no event, under the holding in the Newlin case, could a judge in the exercise of his discretion deprive a defendant of the right given him by statute to have his plea of privilege tried before he is compelled to defend the case on the merits. We think appellee has cited Article 2391 by error, and has meant to cite some other statute, but from his discussion we are unable to determine what statute was intended. From what has been said it necessarily follows that the error of the court in refusing appellant her right to a trial on her plea before her trial on the merits did not have to be preserved by a bill of exceptions as contemplated by old rule 55 for district and county courts. For, as we have pointed out, the court by an order, duly entered of record, refused appellant her right to a separate hearing on her plea of privilege. The motion which appellant made for a separate trial on her plea is of consequence, not as a motion, but as showing that she called it to the court's attention that she was insisting upon her right to such a separate trial and was not waiving it. It was the action of the court in depriving appellant of such right which constituted reversible error. We have also considered Brock v. Cullum Bros., Tex.Civ.App., 263 S.W. 335, but regard it as not being in point. Deprivation of the right to a separate trial on the plea of privilege imports injury. See the Newlin case, supra.

For the reasons given the judgment must be reversed and the cause remanded for a new trial. Since the judgment must be reversed because of an error in refusing appellant a right to a separate trial on her plea of privilege, we should not rule upon the errors claimed to have occurred upon the trial on the merits, though from the form in which they have been presented we had to consider them.

Though this case is reversed, it is ordered that appellant pay one-half of the costs of appeal because of the excessiveness of the record on appeal.

Reversed and remanded.

On Appellee's Motion for Rehearing.

■■■■ The right of a defendant to require a plaintiff to try the venue issue prior to the trial of the merits must be viewed from the defendant's standpoint before witnesses have been summoned to testify, otherwise the ruling by our Supreme Court in Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233, would prove chimerical and practically never be enforced. We believe however that the ruling in Newlin v. Smith, supra, does not require that the judgment of the lower court, insofar as it decided that venue was properly laid, be set aside. Under Rule 434, Texas Rules of Civil Procedure, we are justified in affirming so much of the judgment as disposed of the venue question. The motion for rehearing is therefore in part granted and in part refused, and our former judgment is accordingly reformed so that only that part of the judgment determining the question of venue is affirmed, and the judgment so far as the merits of the cause is concerned is reversed and the cause in that respect remanded for a new trial.

Motion for rehearing in part granted, former judgment set aside and cause affirmed in part and in part reversed and remanded.