## MRS. W. L. BRADFORD v. H. C. POWELL.

Applications No. 26566 and 26567. Decided October 7, 1942.
(166 S. W., 2d Series, 346.)

*Austin Y. Bryan, Jr.,* and *Bryan & Bryan,* all of Houston, for petitioner, Mrs. W. L. Bradford.

It was error for the Court of Civil Appeals not to reverse the judgment of the lower court and remand the cause for a trial on the plea of privilege before a separate jury, separate from the trial on the merits of the case. Also because its opinion is in conflict with Newlin v. Smith, 150 S. W. (2d) 233; Georgian Oil Corp. v. Chemical Process Co., 151 S. W. (2d) 280; Burton v. Billingsley, 129 S. W. (2d) 439.

*Fuller C. Blackwood* and *B. C. Johnson,* both of Houston, for respondent, H. C. Powell.

It was not reversible error for the trial court to overrule Mrs. Bradford's motion for separate trial on the plea of privilege. Gulf C. & S. F. Ry. Co. v. Russell, 82 S. W. (2d) 948; Seinsheimer v. Burkhart, 122 S. W. (2d) 1063; Bradley v. English, 134 S. W. (2d) 726.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The plaintiff sued the defendant for damages for personal injuries. The defendant filed a plea of privilege to be sued in the county of her residence, and requested a trial thereon prior to the trial on the merits. This request was overruled, and the defendant was forced to try the plea of privilege before the jury along with the trial on the merits. Judgment was for plaintiff on all issues. The Court of Civil Appeals reversed the judgment on the merits, but affirmed the judgment overruling the plea of privilege. Each party has applied for a writ of error.

■ The ruling of the trial court in refusing to allow the defendant a separate trial on her plea of privilege prior to a trial on the merits, and the decision of the Court of Civil Appeals in affirming the judgment of the trial court in overruling the plea of privilege, under such circumstances, are in direct conflict with the holding of this Court in Newlin v. Smith, 136 Texas 260, 150 S. W. (2d) 233. In that case this Court held that a defendant is entitled to a trial on his plea of privilege before being required to go to trial on the merits.

■ Rule No. 483 of Texas Rules of Civil Procedure provides, in effect, that if the decision of the Court of Civil Appeals is in conflict with a previous opinion of the Supreme Court, the Supreme Court may in its discretion, without the necessity of granting the writ and hearing the case reversed and remand the same on the application for writ of error. Accordingly, in view of the conflict hereinabove pointed out, the judgment of the Court of Civil Appeals in so far as it affirms the judgment of the trial court on the plea of privilege is reversed, and the cause is remanded to the trial court for a new trial. The judgment of the Court of Civil Appeals reversing the judgment of the trial court on the merits will not be disturbed.

Opinion delivered October 7, 1942.