### OLD NAT. LIFE INS. CO. et al. v. BIBBS.
### No. 11571.

Court of Civil Appeals of Texas. Galveston.

Nov. 4, 1943.

Rehearing Denied Nov. 18, 1943.

Moss & Moss, of La Grange, for appellants.

Hollis Massey, of Columbus, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling two pleas of privilege in an action brought in the district court of Fayette County, Texas, by appellee, Naomi Bibbs, seeking the recovery of damages alleged to have been sustained by her as a result of fraudulent representations made by appellant B. B. Kirkpatrick, which induced her to purchase certain real estate in Schulenburg, in Fayette County, Texas, from appellant Old National Life Insurance Company.

The fraud alleged was (1) the false representation that appellant Insurance Company had a good title to the land in question; (2) an agreement by appellants to refund the purchase price paid if the title to the property failed, made without intention to perform; and (3) an agreement, in substance, to convey said property to appellee by general warranty deed, made without intention to perform and not performed.

Appellants duly filed their separate pleas of privilege to have said suit tried in Harris County, the county of their residence, and motions for a separate trial on their said pleas of privilege prior to the trial of the case on its merits.

In due time appellee filed her controverting affidavit in which she re-stated the allegations of her petition and alleged that the false and fraudulent representations above referred to were made by appellant Kirkpatrick as agent for appellant Insurance Company in Fayette County.

Appellants' motions for a separate trial on their pleas of privilege prior to the trial of the case on its merits were sustained by the trial court and upon a hearing before the court on the allegations of said pleas of privilege, and appellee's controverting affidavit, said pleas of privilege were overruled. No findings of fact or conclusions of law were requested by the parties and none were filed by the trial court.

The record shows that appellee contracted in writing with appellant Insurance Company, a corporation, acting through its president and manager, B. B. Kirkpatrick, to purchase 92/100 acres of land in Schulenburg, Texas. The full purchase price for the property was paid on the date of the contract. The contract was executed in Schulenburg, Fayette County, Texas. Appellant Kirkpatrick admitted that, at the time the contract was executed, he represented to the appellee that the appellant Insurance Company claimed title to the property. Appellee testified that Kirkpatrick told her that he would give her a good title to said property.

To fix venue of this action in Fayette County appellee relies upon Subdivisions 7 and 23 of Article 1995, Vernon's Annotated Texas Civil Statutes.

Subdivision 7 of said article, as amended in 1927, reads: "7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

The material parts of Subdivision 23 of said Article 1995 read: "23. Corporations and associations.—Suits [brought] against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

It is well settled that in an appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contentions. Sharp v. Mead et al., Tex.Civ.App., 127 S.W.2d 510; Douglas v. Williams, Tex. Civ.App., 83 S.W.2d 686; Pearson v. Guardian Trust Co., Tex.Civ.App., 84 S.W. 2d 256. Under this rule the order of the trial court overruling appellants' pleas of privilege, read in the light of the testimony, must be construed as an affirmative finding that the alleged representations that appellant Insurance Company had a good title to the land purchased were made by appellant Kirkpatrick; and that he agreed to refund the purchase price paid therefor to appellee in the event the title to the property failed; that appellee relied upon said representations in making said purchase, and that she suffered damage thereby; that such promises were made by appellants without intention to perform them and that they constituted fraud. It is undisputed that the alleged promises and representations were made in Fayette County. Lloyds American et al. v. Friend, Tex.Civ.App., 91 S.W.2d 766; Kazmeir v. King, Tex.Civ.App., 131 S.W.2d 162, 163; 20 Tex.Jur., pages 126 and 127; Sharp v. Mead, Tex.Civ.App., 127 S.W.2d 510.

It is also the settled law in this state that, under Subdivision 23 of said Article 1995, which authorizes the bringing of a suit against a private corporation in any county in which the cause of action, or a part thereof, arose, a cause of action for the breach of an obligation is composed of two elements: the contract, which is the primary right of the plaintiff, and the breach thereof, which is the act or omission on the part of the defendant without which there could be no cause of action or right of recovery, and that, in order to maintain a suit in any county other than that in which the corporation's principal place of business is located, it is only necessary that some part of either the primary right or the breach thereof must have occurred in the county where the suit was filed, and that the requirement that "a part thereof" shall have arisen in the county where the suit was brought is met by proof that the contract was made in that county. Scott v. Lewis, Tex.Civ.App., 64 S.W.2d 365; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

It is undisputed that appellant Old National Life Insurance Company is a corporation and that all representations which led up to the purchase of said property were made in Fayette County. The record shows that the title to said property under appellee's deed from appellant Insurance Company failed; that suit was instituted against appellee for the title to the property and that a decree therein was adverse to her. It follows that appellee had a right to maintain her suit in Fayette County.

Appellants further complain of the action of the trial court in refusing to postpone the trial of the case on its merits until an appeal from the order overruling said pleas of privilege had been decided. This contention cannot be sustained. The exact question involved under this contention has recently been decided by our Supreme Court in the cases of Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233, and Bradford v. Powell, 139 Tex. 638, 166 S.W.2d 346, contrary to appellants' contention. In each of these cases it was held that, while the defendant in a plea of privilege case is entitled to have the venue question definitely settled before he is compelled to try the case upon its merits, this does not mean that an appeal from an order overruling a plea of privilege will suspend a trial on the merits. An appeal from a judgment sustaining or overruling a plea of privilege may be taken, but it suspends a trial pending determination of the appeal only in the event the judgment appealed from is one sustaining the plea. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233.

It follows that the judgment of the trial court overruling appellants' pleas of privilege must be affirmed.

Affirmed.