## TEXAS & PAC. RY. CO. v. WOOD.
### No. 4467.

Court of Civil Appeals of Texas. El Paso.
March 27, 1947.

J. T. Suggs, D. L. Case and Robert Payne, all of Dallas, Hill D. Hudson, of Pecos, and Maury Kemp and Eugene R. Smith, both of El Paso, amici curiae.

John J. Watts, of Crane, for appellee.

PRICE, Chief Justice.

This is an appeal from the order of the District Court of Crane County overruling a plea of privilege of defendant, Texas & Pacific Railway Company.

On June 25, 1945, appellee Mrs. O. M. Wood filed suit in the District Court of Crane County to recover on her own behalf and on behalf of her minor son for personal injuries to her husband resulting in his death, and she likewise made the surviving parents of her deceased husband parties defendant, averring they had no pecuniary interest. Appellant in due time filed a plea of privilege in due form, assert-

ing the right to be sued in Dallas County. Appellee filed a controverting affidavit to said plea, invoking the exception contained in Sec. 25, Article 1995, Vernon's Civil Statutes, asserting in substance that on the date of the filing of the suit she was a non-resident of the State of Texas, and that appellant operated its railroad through the county of Crane. A jury was demanded. On the trial of the issues arising on the plea of privilege and controverting affidavit it was agreed that the issues as to the plea of privilege should be tried along with the merits of the cause. Trial was in November 1945; the cause submitted to the jury on special issues as to the merits. No issues were submitted as to the plea of privilege. The jury was unable to agree on a verdict and the court made an order discharging them. Thereafter the appellee filed a motion that the court enter an order overruling appellant's plea of privilege, reciting in the motion that she had sought to have the court submit to the jury the issue of whether or not she was a nonresident of the state of Texas, that the court then stated and ruled that as a matter of law she was a nonresident of the state of Texas at the time of the institution of this suit. The court sustained this motion of plaintiff and entered an order overruling the plea of privilege. Appellant duly perfected this appeal.

The record does not show prior to the discharge of the jury any request by the plaintiff to find in her favor on the plea of privilege. Defendant did not except to the court's failure to submit the issues arising on the plea of privilege and controverting affidavit.

Upon motion for rehearing this court submitted the following questions to the Supreme Court:

"1. Did the fact that the surviving parents of the deceased Wood were made parties defendant by plaintiff and were each residents of the State of Texas on the date plaintiff filed her suit entitle defendant railway company as a matter of law to a change of venue to the county of its residence?

"2. Were we correct in holding that judicial notice could be taken of the fact that at the relevant time part of defendant's railroad was operated through Crane County?

"3. Did defendant waive its plea of privilege by proceeding with the trial on the merits without objection to the failure to submit an issue as to non-residence of plaintiff on the date of filing her suit?

"3.–(a). If Question No. 1 be answered in the affirmative, then did defendant waive its plea of privilege by proceeding to trial on the merits without objection?"

In the Opinion of the Supreme Court it is stated: "We conclude the answers to Questions Nos. 1, 3 and 3–(a) should be 'No', and to Question No. 2 'Yes'."

It is fundamental that issues raised by plea of privilege and controverting affidavit is as to venue alone. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

Section 25 of said Article 1995 of Vernon's Civil Statutes in substance provides that suit for damages against a railroad arising from personal injuries resulting in death or otherwise, if the plaintiff is a nonresident of the state may be brought in any county in which the defendant runs or operates its trains. Under this section it was incumbent upon the plaintiff to establish she was a nonresident at the time she instituted this suit; that it was for damages resulting from personal injuries; that the defendant ran or operated its railroad in Crane County. She testified that she was a nonresident, that she had left Odessa on the 21st day of June, 1945; the date of filing her petition was the 25th day of June, 1945. Her testimony that she was such a nonresident was not contradicted. However, she was an interested witness. The time between the filing of her petition and her becoming a nonresident, if she did so do, was very short. It is thought that the question of her residence was a question of fact for the jury. She was an interested witness. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 334. Judicial notice is taken of the fact that part of defendant's railroad ran through Crane County.

As to the nature and cause of action asserted by plaintiff, her petition was

the best and all sufficient evidence. 43rd Texas Jur. p. 846, par. 110; Stockyards Natl. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

In our opinion there was an issue of fact raised as to whether she was a nonresident. It is elementary, we think, no part of this issue of fact having been submitted to the jury, the court could not find thereon.

In conformity to the answers of the Supreme Court to the questions certified and to further reasons stated herein, it is ordered that appellant's motion for rehearing be granted, our original opinion withdrawn, our former judgment set aside and the cause reversed and remanded for a new trial on the plea of privilege.