## WOOD v. TEXAS & P. RY. CO.

### No. 4553.

Court of Civil Appeals of Texas. El Paso.
March 4, 1948.

Rehearing Denied April 28, 1948.

See also, Tex.Civ.App., 211 S.W.2d 321.

John J. Watts, of Odessa, for appellant.

Paul B. Horton, J. T. Suggs and Robert G. Payne, all of Dallas, and Hill D. Hudson, of Pecos, for appellee.

SUTTON, Justice.

This is a second appeal on a plea of privilege, and is from the District Court of Crane County. On a former appeal this Court, Tex.Civ.App., 203 S.W.2d 994, reversed and remanded the case on the plea

of privilege based on the answers of the Supreme Court to certified questions.

Texas & Pacific Ry. Co. v. Wood, Tex. Sup., 199 S.W.2d 652. A statement of the case is there made and renders unnecessary any extensive statement here.

On the trial from which this appeal has come a jury was organized to try the fact issues but at the conclusion of the testimony the court instructed a verdict for the defendant, Railway Company, and rendered judgment sustaining the plea of privilege from which plaintiff prosecutes this appeal. The trial court sustained the plea of privilege on the theory, as we understand it, that the evidence conclusively shows that on the date the suit was filed, June 25, 1945, Mr. and Mrs. J. R. Wood, parents of the deceased, O. M. Wood, did not know they were beneficiaries under the so-called death statute (art. 4675, Vernon's Civil Stats.); did not know the suit had been filed until about the date of the first trial in November 1945; that they could not under such circumstances waive any cause of action they might have had, and that the testimony without contradiction shows they did nothing which could amount to a waiver prior to or at the time of the filing of the suit; that they have not assigned their cause of action, and that since the situation at the time of the filing of the suit controls the venue the defendant, therefore, was entitled to have its plea of privilege sustained as a matter of law.

Plaintiff takes the position that the Supreme Court on substantially the same proof held the presence of the parents in the case did not entitle the defendant as a matter of law to a change of venue, and th   question is, therefore, not in the case, but that plaintiff on the proof made is entitled as a matter of law to have the venue sustained and the court likewise in that particular committed error in overruling her motion for a verdict.

On the issue of residence plaintiff was her only witness. In substance she testified after her husband's death she concluded to move to California and make it her home and that she did so, leaving Odessa, Texas, where she and her husband and child had lived, on June 21, 1945, and ar-rived in California on June 23, 1945, and continued to reside there. In her brief it is said by agreement a telegram was introduced which was from her to her attorney and sent from California before the suit was filed. Based upon her testimony, supplemented by the telegram, which is not in the Statement of Facts, it is asserted she was entitled to an instructed verdict, because the testimony stands unchallenged and undenied, notwithstanding it might have easily been contradicted had it not been true. Plaintiff's residence, like that of any other, is made to depend upon her intention. On the basis of the rule stated in Simmonds v. St. L. B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 334 the case was reversed and remanded on the theory her credibility was for the jury because of her interest, and the question of her residence, therefore, a question of fact for the jury. The telegram, if in the record, could add nothing to her testimony, since it demonstarted only that she was present in California on that date, but if it undertook to do so it could have added nothing more than her word as to why she was there. The situation remains unchanged and the point must be overruled.

The defendant here undertakes to sustain the trial court's judgment on the basis of the theory upon which it was rendered and asserts the fact the situation is quite different on this trial from that of the former trial, rendering the case very substantially different. As set up by the defendant, the proof with respect to the status of the parents was brief on the former trial and here there is a rather lengthy cross-examination. The cross-examination is quoted at some length, but the position and theory of the defendant are briefly summed up by it thus:

"Q. So we will have this doubly clear —I am sorry if I continue to repeat. I don't know how clear the reporter gets these things down. I haven't tried him before. Mrs. Wood, since the time that action accrued, as one of the parents of O. M. Wood, you had this action against the Texas & Pacific Railway Company, you have never surrendered that claim, have you? A. No.

"Q. You have never intended to surrender or waive that claim, have you? A. No, sir.

"Q. When the suit was filed in June of 1945 you did not intend to waive your claim, did you? A. No.

"Q. Probably you didn't even know the suit had been filed? A. No.

"Q. In July and August of 1945 you didn't intend to waive your claim? A. No.

"Q. And you never gave up your claim, either in writing or orally? A. No.

"Q. And you don't intend to do that now? A. No.

"Q. And all these same things are true with reference to your husband, Mr. Wood, are they? A. That is right."

Thus defendant makes its theory clear that because the parents of the deceased are beneficiaries under the statute and have a prima facie cause of action, which they had neither waived nor assigned on the date the suit was filed, being residents of the State of Texas at the time, defendant was entitled as a matter of law to have its plea of privilege sustained. The Supreme Court, as we understand it, held to the contrary. The father had testified on the first trial of the plea that he did not then nor thereafter intend to assert any claim or action for damages, and the mother that she did not make any claim for damages. The defendant asserts the Supreme Court held this testimony "to constitute judicial admissions resulting in a waiver by the parents of their interest in the suit." We do not understand that to be the holding. The Supreme Court notes that plaintiff pleaded the parents had no cause of action against the defendant; that the parents filed no pleadings, and the testimony noted constituted an admission that they had no cause of action, or interest in the suit, which effectively precluded them from recovering anything. Put another way, the Supreme Court held the plaintiff had by pleading and proof established the mother and father had no interest in the suit, and, therefore, their presence in the suit as necessary parties should not be given controlling effect upon the question of venue.

The defendant by cross-examination of the father developed that he had testified in November 1945 on the trial of this case in response to the question:

"Q. Mr. Wood, your son would during his lifetime, help you when you needed it, wouldn't he? A. He would help me out in any way he could."

which he says is still true. Further that he was the kind of boy who would help his parents if they needed it, but that he wasn't dependent upon him. This he repeated again as true. The father further testified that he had said at the November trial that he had let him have $50 when the mother was in the hospital, and again added "I wasn't dependent on him." The old gentleman was undertaking all along to make it plain he was not dependent on his son. The substance of all the cross-examination and the testimony offered by the defendant is that if the parents had a claim against the defendant they had not waived or assigned it on or prior to the date the suit was filed.

Obviously there is a vast difference between the assertion of a claim and the establishment of one; between being beneficiaries under the statute and being able to show an interest or the right to recover. Before a cause of action, an interest, or a right to recover is established there must be shown a wrongful death and damages. Little progress is made when it is shown only they are the parents of a son killed at a railroad crossing. It was said on oral argument these parents had a cause of action but because of their action they are now cut off. The actual situation is a trial on the merits after the first trial was had on the plea of privilege and a judgment entered that the parents take nothing, from which judgment against them no appeal was taken, as well there might not be with the record in the condition as outlined by the Supreme Court.

The defendant argues very earnestly the elementary proposition of law that it is the situation that obtains at the time the case is filed that controls the venue issue, and concludes since the parents had neither waived nor assigned their claim as beneficiaries under the law its right to a change of venue is established as a matter of law and the judgment of the trial court is accordingly correct. We readily agree to the

proposition of law that the situation at the time the suit is filed is controlling, but we are unable to reach the conclusion reached by the defendant. There is wholly lacking the necessary showing the parents at the time the suit was filed had a right to recover. The holding by the Supreme Court plaintiff had established by pleading and proof the parents had no interest in the suit remains the same and effectively precludes the position taken by the defendant. Plaintiff made the same proof by each of the parents on this trial as was made on the first.

■ It follows, as a matter of course, it is our opinion this cause must again be reversed and remanded for a determination of the fact issues by the trier of the facts.

Reversed and remanded.