## TEXAS & P. RY. CO. v. WOOD.
### No. 4507.

Court of Civil Appeals of Texas. El Paso.
March 4, 1948.

Rehearing Denied April 28, 1948.

Hill D. Hudson, of Pecos, and Robert G. Payne, D. L. Case, and J. T. Suggs, all of Dallas, for appellant.

John J. Watts, of Odessa, for appellee.

McGILL, Justice.

This appeal is from a judgment of the District Court of Crane County in favor of appellee, Mrs. Ollie M. Wood, surviving widow of Ollie M. Wood, deceased, individually and as next friend of Robert

Wesley Wood, minor son of appellee and her deceased husband, against appellant the Texas & Pacific Railway Company, for damages for the wrongful death of Ollie M. Wood. The judgment awards $30,000 to Mrs. Wood individually and $30,000 to her as next friend for and in behalf of her son.

On May 12, 1947, appellant filed a motion in this court praying that the judgment be set aside and the cause remanded. This motion was passed for consideration with the appeal on its merits. In substance the grounds of the motion, which are sustained by the record, are that on February 19, 1946, the trial court overruled defendant's plea of privilege to be sued in Dallas County, the county of its domicile. From this order defendant duly perfected its appeal to this court. While such appeal was pending in March 1946 plaintiff elected to try the case on its merits, such trial resulting in the judgment entered July 6, 1946, from which this appeal is prosecuted. On March 27, 1947, this court reversed the judgment and order of the trial court overruling defendant's plea of privilege, and remanded the cause for new trial on the plea of privilege. Texas & Pac. Ry. Co. v. Wood, Tex.Civ.App., 203 S.W.2d 994.

A second trial on the plea of privilege was had on November 17, 1947, which resulted in a judgment on November 18, 1947, rendered on an instructed verdict sustaining the plea of privilege and transferring the cause to the District Court of Dallas County. Plaintiff duly perfected an appeal from this judgment to this court. In an opinion this day delivered in cause No. 4553, 212 S.W.2d 101, we reversed this judgment and again remanded the cause for trial on the plea of privilege.

█ We have concluded that appellant's motion must be granted, and that our order passing its consideration until the appeal was submitted on its merits was improvidently entered. Where suit is filed in a county where the defendant does not reside, and defendant has filed a plea of privilege, he is entitled to have the question of venue definitely settled by the trial court before he is compelled to try the

case upon the merits. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233; Bradford v. Powell, 139 Tex. 638, 166 S.W.2d 346.

█ If the plea of privilege is overruled and an appeal is taken from the order overruling the plea, a trial on the merits is not thereby suspended, but trial upon the merits is suspended only when the order appealed from sustains the plea of privilege. Rule 385(c), Texas Rules of Civil Procedure; Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Newlin v. Smith, supra.

█ However, for a trial court to proceed to trial on the merits pending an appeal from an order overruling a plea of privilege, in the language of the Supreme Court: "* * * is a rather risky procedure, because a reversal of the order overruling the plea of privilege must result, as a matter of course, in the reversal of any judgment in the main case, if it is against the defendant who filed the plea of privilege." Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830, 833, loc. cit. 833.

Notwithstanding this clear and unequivocal statement of Mr. Justice Critz, who wrote the opinion in Goolsby v. Bond, appellee seeks to distinguish that case from this appeal because in that case the Supreme Court in effect held that as a matter of law venue lay in Andrews County, and not in Hunt County, where the case was tried, while in this case this court remanded the cause for trial on the plea of privilege, and there has not yet been any final judgment adjudicating the question of venue.

█ Appellee strongly relies on the case of Saladiner v. Polanco, Tex.Civ. App., 160 S.W.2d 531, by the Austin Court of Civil Appeals, in which a writ of error was "refused for want of merit" by the Supreme Court. That authority is not controlling. Under Rule 483, T.R.C.P., prior to its amendment, which was applicable at the time, the Supreme Court in disposing of an application for writ of error "refused for want of merit" where the judgment of the Court of Civil Appeals was correct, but the Supreme Court was "not satisfied that the opinion of the

Court of Civil Appeals in all respects has correctly declared the law." In the Saladiner case the judgment of the court of Civil Appeals reversed the judgment of the trial court and remanded the cause. Had that court held that "reversal of the order overruling the plea of privilege must result, as a matter of course, in the reversal of any judgment in the main case, if it is against the defendant who filed the plea of privilege", its judgment would have been the same. Therefore, the Supreme Court by refusing the application for want of merit did not necessarily approve the holding of the Austin Court of Civil Appeals on the question of venue. Our disposition is not in conflict with that holding. It clearly appears from the opinion in that case and from the opinion on the second appeal from the order overruling appellant's plea of privilege in that case (Tex. Civ.App., 160 S.W.2d 537) that on the first appeal from the order overruling the plea of privilege sufficient venue facts were shown to sustain the trial court's order and the defendant did not contend that either under the pleading or the proof he was entitled to have his plea sustained. No such situation is here presented. In this case the order sustaining the plea of privilege was reversed because the trial court held that as a matter of law the evidence showed that plaintiff was a non-resident of the state when she filed her suit, whereas an issue was raised as to this fact which should have been submitted to the jury. Texas & P. Ry. Co., v. Wood, Tex.Sup., 199 S.W.2d 625; Texas & Pac. Ry. Co. v. Wood, Tex.Civ.App., 203 S.W.2d 994. The second judgment on the plea of privilege was reversed and the cause again remanded for a fact finding on this issue. Therefore, the facts in Saladiner v. Polanco and in this case are clearly distinguishable. On the record before us the order of the trial court establishing venue in Crane County which was in effect when judgment on the merits was rendered was reversed, and appellant still contends that it is entitled to have its plea sustained. When the trial upon the merits was had the question of venue had not been "definitely settled"; that is, determined by a judgment of the trial court which ultimately became final and which established venue in Crane County. In the absence of waiver, appellant is entitled to have such question so definitely settled before a judgment rendered against it on the merits can be sustained. Any other holding would practically annul the venue statute and deprive appellant of a valuable and substantial right.

Appellant's motion is granted, the judgment is reversed and the cause remanded.

SUTTON, Justice (concurring).

I readily agree to the disposition made of this cause, but I am not in accord with the conclusion reached that *any* reversal of an order overruling a plea of privilege will result in a reversal of any judgment on the merits against the defendant.

There is here presented a cause for our disposition on the merits in which a plea of privilege has been duly filed and presented, thereby putting in issue the venue of the case and the Court's power to hear and determine it on the merits. After the trial on the merits the case on the plea of privilege was reversed and remanded, as has been pointed out. Without objection the submission of the case on the merits was postponed to allow time for the plea of privilege to be disposed of. There was cause to believe the plea of privilege would be tried expeditiously, but more than one cause contributed to a delay. On the second trial the trial court sustained the plea of privilege and that judgment has just been reversed and it is sent back for another trial on the facts. It is thought neither this Court nor the defendant must suffer the delay that may be incident to the final disposition of the plea of privilege, and the case on the merits indefinitely postponed.

It is also thought if this Court were in a position without further unnecessary delay to finally determine the plea of privilege and that determination should be that the court had venue, then there could be no reason, it seems to me, for a reversal of the main case on that ground alone. It is believed in any case where it is determined before, in the course of orderly procedure, the main case should

324

be disposed of, the court has venue, a reversal to cure an error on the trial of the venue issue should not take with it a reversal of the main case as a matter of course. After all the only essential is that the court have venue, and if it has it at all it had it at the time of the trial on the merits. To reverse a case in every instance on that ground alone would necessarily delay rather than expedite the judicial process. I regard the Saladiner case on that issue altogether sound.

It was only suggested in Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830, that it is rather risky to try a case on the merits until the order overruling a plea of privilege is affirmed because if it be reversed and the venue changed then any judgment against the defendant who filed the plea must be reversed. That follows as a matter of course, but it is not thought the holding made in this case was there made or suggested.