### GOUGH v. FINCHER et al.
#### No. 2911.

Court of Civil Appeals of Texas. Waco.
March 23, 1950.

Rehearing Denied April 6, 1950.

·Curtis White, Dallas, Dee Brown Walker, Dallas, for appellant.

Hamilton & Hamilton, Dallas, for appellees.

HALE, Justice.

This is an appeal from an order disposing of a plea of privilege. The proceeding arose out of a suit instituted in one of the district courts of Dallas County by appellees, Mrs. Bessie Fincher and husband, against appellant, Dr. E. F. Gough, and Southwestern Bell Telephone Company, hereafter referred to as the Telephone Company. Appellees sought recovery of damages from appellant, a resident of Ellis County, and the Telephone Company on account of personal injuries alleged to have been sustained by Mrs. Fincher as the result of a highway collision between an automo-

bile and a truck which occurred near the town of Roscoe in west Texas. As grounds of the recovery sought they alleged in substance that Mrs. Fincher, a sister of appellant, was a guest in appellant's automobile when it collided with the truck of the Telephone Company and that her injuries were proximately caused by the concurrent negligence of appellant and the Telephone Company in the particulars described in their petition. They further alleged that the wrongful conduct of appellant as therein set forth constituted heedlessness and a reckless disregard of the rights of Mrs. Fincher.

In due time appellant filed his plea of privilege in proper form, asserting his right to be sued in Ellis County. Appellees filed their controverting affidavit to the plea of privilege in which they repleaded the substance of their original petition and by reference to the same it was made a part of their controverting plea. They also averred that the Telephone Company was a foreign corporation doing business in Texas under a proper permit, with its principal place of business in Dallas County, and asserted that appellant was both a proper and a necessary party defendant to their suit against the Telephone Company within the meaning of Exceptions 4 and 29a, respectively, in art. 1995 of Vernon's Tex.Civ.Stats.

The venue issues thus raised by the pleadings were tried by the court below without a jury. Upon the conclusion of the evidence the court overruled appellant's plea of privilege. Appellant says the court erred in overruling his plea because appellees failed to show upon the hearing that venue of their suit against him was properly laid in Dallas County under Exception 4 or 29a of the venue statute. More specifically, appellant contends that the petition and controverting affidavit of appellees did not state a cause of action against him for damages on account of injuries sustained by his sister while she was riding in his car as his guest; and that, if the petition did state a cause of action against him under what is known as the Texas Guest Statute, then his liability under the statute for the

injuries and damages sustained by his sister is not a joint liability with that of the Telephone Company, in that the two defendants sued are not joint tort-feasors under the facts alleged in the petition of appellees, and hence appellant says he was neither a proper nor a necessary party to the suit of appellees against the Telephone Company within the meaning of Exception 4 or 29a of the venue statute.

■ Art. 1995 of Vernon's Tex.Civ. Stats., herein referred to as the venue statute, provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in certain cases therein enumerated. Our courts have repeatedly and consistently held over a long period of years that the legal right of a defendant upon timely and proper plea to be sued in the county of his residence is a valuable right of which he shall not be deprived unless the case filed against him comes clearly within one or more of the exceptions found in such statute. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, pts. 3 and 4; Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233; Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, pts. 5-7, er. ref. w. m.

■ Exception 4 in the venue statute provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. In order to bring the case filed against appellant within the meaning of this exception it was necessary, among other things, for appellees to allege a joint cause of action against appellant and the Telephone Company, or to allege a cause of action against the Telephone Company so intimately connected with the cause of action alleged against appellant that the two may be properly joined under the rule intended to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, pt. 2.

■ Art. 6701b of Vernon's Tex.Civ. Stats., commonly known as the Texas Guest Statute, provides that no person transported over the public highways of this State by the owner or operator of a motor vehicle

as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. "Heedlessness" and "reckless disregard of the rights of others" are not legally synonymous with "negligence". While negligence means the breach of a legal duty amounting only to a want of ordinary care, heedlessness and reckless disregard of the rights of others within the meaning of the Texas Guest Statute is practically the same thing as gross negligence, which is such wanton, heedless and reckless misconduct on the part of a wrongdoer as to indicate a conscious indifference to consequences. Thomas v. Southern Lumber Co., Tex.Civ. App., 181 S.W.2d 111; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Crosby v. Strain, Tex.Civ.App., 99 S.W.2d 659; Glassman v. Feldman, Tex.Civ.App., 106 S.W.2d 721; Linn v. Nored, Tex.Civ.App., 133 S. W.2d 234; Mayer v. Johnson, Tex.Civ. App., 148 S.W.2d 454; Wright v. Carey, Tex.Civ.App., 169 S.W.2d 749.

In their petition appellees specifically alleged that when Mrs. Fincher and appellant reached a certain point on the highway near Roscoe, they saw in front of them a truck belonging to an oil company and that appellant attempted to pass and did pass the truck of the oil company, but as he did so the truck of the Telephone Company, traveling in the same direction and in front of the truck of the oil company, was turned suddenly to the left and in front of appellant's automobile. The only wrongful conduct on the part of appellant, as alleged in the petition of appellees, was as follows: "Plaintiffs show to the court that the said collision and the consequent injuries and damages proximately resulting therefrom were caused by the concurrent negligence of the defendants in that the driver of the truck belonging to the Telephone Company suddenly turned to the left in front of the car in which Plaintiff Mrs. Fincher was riding, without giving reasonable and suitable warning, signals or notice of his intention to so turn, and the defendant Dr. E. F. Gough was driving at such a rate of speed that he could not stop the car in which Plaintiff Mrs. Fincher was riding in time to avert the collision, or else failed to exercise any care in stopping said car so as to prevent the said collision. * * Plaintiffs further say that the attempt of the Defendant Dr. E. F. Gough to pass the said oil company's truck at the time and place when he did attempt to pass the same and at the speed at which he was driving at said time, constituted heedlessness and a reckless disregard of the rights of the Plaintiff Bessie Fincher."

The system of pleading in Texas was subjected to substantial changes by the rules of civil procedure as promulgated by the Supreme Court of this State in 1941. Rule 1 thereof provides in effect that such rules shall be given a liberal construction to the end that litigants may obtain a just, fair, equitable and impartial adjudication of their rights under established principles of substantive law with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable. However, Rule 816 thereof expressly provides that "these rules shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein."

In our opinion appellees' petition as a whole did not allege any cause of action against appellant within the purview and meaning of the venue statute because it affirmatively appears therefrom that Mrs. Fincher was a gratuitous guest of appellant and the concrete facts specifically alleged therein were not only insufficient as a matter of law to constitute heedlessness and a reckless disregard of the rights of others under the provisions of the Texas Guest Statute but were at variance with the legal conclusion alleged with respect thereto. Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, er. ref. See also: Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Jones v. Davis, Tex.Civ.App., 149 S.W. 2d 165; C. F. Lytle Co. v. Preston, Tex.

Civ.App., 175 S.W.2d 440; Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801.

■■ We do not think any just or equitable purpose would be served by remanding the venue question to the court below for another trial. The evidence developed upon the hearing shows without any dispute that Mrs. Fincher was a gratuitous guest in the automobile of appellant at the time of the collision. Mrs. Fincher testified in substance that the collision occurred under normal conditions of visibility at about 8:30 o'clock in the forenoon; that her brother was 71 years of age; that she did not claim he had intentionally inflicted upon her the injuries of which she complained; that he was an experienced automobile driver, having used a car in the practice of his profession for many years; that she was satisfied to risk the safety of her person in his automobile on the occasion in question; that the rate of speed at which he was driving did not seem to her to be excessive; that he blew the horn on his automobile as he started around the truck; and that, as far as she could tell, if the truck of the Telephone Company had not suddenly pulled out to the left in front of her brother's automobile there would have been plenty of room for him to pass the truck in safety. It appears to us that Mrs. Fincher, as a party plaintiff in this proceeding, is and ought to be conclusively bound by her testimony in so far as it constitutes judicial admissions against her interest on the question of venue. Furthermore, we find no evidence in the record from any of the witnesses who testified upon the hearing which in our opinion shows or tends to show that the misconduct, if any, of appellant at or prior to the time of the collision was so wanton, heedless and reckless as to indicate a conscious indifference on his part to the consequences thereof.

Accordingly, the order appealed from is reversed and judgment is here rendered sustaining appellant's plea of privilege and ordering the suit of appellees against him to be transferred to the district court of Ellis County.