## BRYAN TRACTOR & IMPLEMENT CO. v. PAGEL.

### No. 10060.

Court of Civil Appeals of Texas. Austin.

June 25, 1952.

———◆———

John M. Barron, Bryan, for appellant. Camp & Camp, Don G. Humble, Cameron, for appellee.

HUGHES, Justice.

This is a venue case in which Bryan Tractor and Implement Company appeals from an order overruling its plea of privilege to be sued in Brazos County where it resided.

Appellee is Ed O. Pagel who sued appellant for damages alleged to have been sustained in the purchase and use, by appellee, of a cotton picking machine sold by appellant.

To sustain venue in Milam County appellee relies upon Subd. 7, art. 1995, Vernon's Ann.Civ.St. which provides that in all cases of fraud suit may be brought in the county where the fraud was committed.

Appellant contends that the evidence is insufficient to show fraud.

Appellee testified that he purchased a Rust Cotton Picker from appellant through its Manager, Mr. Ted Hopkins. That Mr. Hopkins and a mechanic came to appellee's home in Milam County and there represented to him that the machine would pick 95% of his cotton. Appellee requested that the picker be demonstrated but was told the company did not permit this.

Relying on these representations appellee bought the cotton picker.

When put to use the machine destroyed about 30% of the cotton and appellee, after picking twelve acres with the machine, returned to the manual method of harvesting his crop.

Efforts were made by appellant to adjust the picker but his mechanic finally despaired saying "he just didn't believe it was ever going to pick cotton successfully."

Appellant takes the position that the above evidence constitutes nothing more than trade talk or promises of future per-

formance and hence not actionable as **a** species of fraud.

We cannot agree.

It was not mere idle talk that the machine would pick 95% of appellee's cotton. This was a statement of fact, a very material fact. Nor was this statement a promise on the part of appellant to perfom some act in the future. Appellant did not promise to do anything. The statement made was as to the present capacity of the machine to pick cotton. This was a statement of fact and since there is evidence that this representation was not true it is actionable if relied on by appellee to his damage. This the evidence clearly shows.

The fact that appellant did not manufacture the machine and that the representations as to its ability may have been innocently made and with the utmost good faith is immaterial. 20 Tex. Jur. p. 149.

The judgment of the trial court is affirmed.

Affirmed.