**OWEN–PEWTHERS et al., Appellants,**

**v.**

**Jack TIMBERLAKE, Appellee.**

No. 6622.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 1, 1956.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

E. H. Boedeker, Lubbock, McCann & Boedeker, Levelland, for appellee.

MARTIN, Justice.

Appellants, Owen-Pewthers Manufacturing Company and C. W. Pewthers, sold the appellee, Jack Timberlake, a ditching machine. All negotiations as to consummating the sale were transacted in Hockley County, Texas. Appellee sued the appellants alleging that he was induced to purchase the ditching machine, called an "Earthripper," by fraudulent representations made by the appellants in Hockley County, Texas. He sought damages by reasons of the fraud practiced upon him in said county.

The appellants filed their pleas of privilege to be sued in Bryan, Brazos County, Texas, the county of their residence. The pleas of privilege were overruled. The only issue on appeal is whether appellee is entitled to maintain venue in Hockley County, Texas, under Exception 7, Art. 1995, Vernon's Texas Civil Statutes, relating to fraud and reading as follows:

"7. Fraud and defalcation.—In all cases of fraud, * * * suit may be brought in the county where the fraud was committed * * *."

The court will only discuss the fraudulent allegations alleged by the appellee as are supported by proof in the record. The allegation upon which the appellee must base his suit for fraud in regard to venue is that the "'Earthripper' would dig a ditch in damp or wet ground, that said equipment would dig a ditch ten (10) inches wide, thirty-six (36) inches deep and two (2) miles long every ten hours; * * *"

Appellee testified in the trial of the cause and detailed evidence that the above allegation was one falsely and fraudulently made to him by appellant Pewthers individually and as agent for the company. Appellee substantiated the materiality of such allegation by undisputed testimony that he had contracted to dig approximately 105 miles of ditch which he expected to dig with the "Earthripper." He gave further proof that the "Earthripper" would not dig in damp or wet ground because the buckets with which the machine operated as a ditcher would not dump the wet dirt. Appellee further proved that the truck, which truck was unquestionably an integral part of the ditching unit, burned 300 gallons of gasoline and 6 gallons of oil in one day while the machine dug only one-fourth mile of ditch. The appellee further testified, without such testimony being controverted, that he used the "Earthripper" three weeks and it dug approximately three miles of ditch during that time and before they were forced to abandon its use.

Appellant, C. W. Pewthers, testified on direct examination:

"A. I told him that at one time in the very best of conditions that we had gotten three and a half miles of ditch or three and six-tenths miles of ditch in one ten hour day.

"Q. Do you know—do you recall you told him who did that or whether you were digging—A. No, but I can tell you now who did it.

"Q. Who? A. Crescent Construction Company out of New Orleans.

*　　*　　*　　*　　*　　*

"Q. You told him about that? A. Yes, sir. It was hearsay with me, but—"

This testimony by appellant Pewthers is typical of all his evidence. Although Pewthers was one of the originators of this machine and an officer of the appellant company, the record reveals that his knowledge of the digging capacity of the machine was based almost entirely upon letters of recommendation which he produced in the trial of the cause over appellee's proper objection that such letters were hearsay. Appellee testified he had to abandon use of the "Earthripper" as he could not keep it operating. The record substantiates the fact appellee was damaged in that the appellee testified that the "Earthripper" was recommended to operate on 3.4 cents per foot as ditched and appellee was compelled to pay five cents per foot to employ ditchers to perform his contract after the "Earthripper" failed to perform. It is undisputed that the statements inducing the appellee's purchase of the "Earthripper" were made to him in Hockley County, Texas.

The record was presented to the trial court who, in overruling the plea of privilege, correctly held that the material allegation detailed hereinabove was made by appellants to the appellee in Hockley County to induce his purchase of the "Earthripper", that same was false and fraudulent and was

relied on by the appellee to his damage in purchasing the "Earthripper" machine. Venue was properly sustained in Hockley County. Exception 7, Art. 1995, supra; Bryan Tractor & Implement Co. v. Pagel, Tex.Civ.App., 250 S.W.2d 605; Kazmeir v. King, Tex.Civ.App., 131 S.W.2d 162; Old Nat. Life Ins. Co. v. Bibbs, Tex.Civ.App., 175 S.W.2d 304; 92 C.J.S., Venue, §§ 23, 24, pp. 718–721.

The judgment of the trial court is affirmed.