## SWIFT et al. v. BEEMER.

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1913.)

1. APPEAL AND ERROR (§ 907*)—PRESUMPTION —EVIDENCE—SUSTAINED JUDGMENT.

Where there is no statement of facts, every material allegation in the petition necessary to sustain the judgment is presumed to have been proven in plaintiff's favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

2. JUDGMENT (§ 17*)—PROCESS.

Where, in an action to foreclose vendor's lien notes, there was an independent cross-action by one of the defendants against another defendant who was not summoned and did not appear, there could be no judgment in the cross-action against such defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

3. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS —WANT OF PROSECUTION.

In an action to foreclose vendor's lien notes, a plea in reconvention or cross-bill holds the same attitude as an independent suit, and, where no proof is offered therein, the proper practice is to dismiss it without prejudice for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

4. APPEAL AND ERROR (§ 1172*)—DISPOSITION —REVERSAL.

An adjudication, in an action to foreclose a vendor's lien notes, of matters between two defendants against each other in their independent cross-actions is not a part of the main suit, but is severable from it and from the main judgment, so that a reversal as to one of the defendants or as to part of the judgment cannot open up the whole judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

5. COSTS (§ 240*)—APPEAL—REVERSAL.

Plaintiff, in an action to foreclose vendor's lien notes, who is not in any way responsible for an adjudication that two parties took nothing by their respective cross-actions against each other, should not on reversal of that part of the judgment be charged with the costs of defendant's writ of error.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 922–926; Dec. Dig. § 240.*]

Error from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by M. F. Beemer against W. B. Swift and others, with cross-action against each other by defendants Swift and J. B. Sikes. Judgment for plaintiff, and against the defendants Swift and Sikes in their respective cross-actions, and Swift and others bring error. Cross-actions dismissed, and judgment affirmed.

Flournoy, Smith & Storer, of Ft. Worth, for plaintiffs in error. H. D. Payne and W. W. Wilkinson, both of Ft. Worth, and Carl Gilliland, of Hereford, for defendant in error.

HENDRICKS, J. A detailed statement of the history of this cause, discernible from the transcript, is unnecessary in explanation of the particular question involved; suffice to say that the defendant in error, M. F. Beemer, as plaintiff in the lower court, sued on a vendor's lien note, and recovered judgment for the amount of the note, principal, interest, and attorney's fees against J. H. Wilson, E. L. Myrick, and W. B. Swift, and the foreclosure of the vendor's lien as against said parties, as well as against one J. B. Sikes, who was made a party defendant in the cause. The judgment recites that the defendants W. B. Swift and J. B. Sikes were the present owners of the land, and the decree provided that, if the property sold for more than sufficient to satisfy the judgment, the proceeds should be divided equally between these parties.

The defendant J. B. Sikes filed an answer October 21, 1912, embodied in which was an independent cross-action, based upon certain matters not necessary to relate, against W. B. Swift. On October 25, 1912, the defendant Swift also filed an answer, and also embodied in it an independent cross-action against the defendant Sikes, predicated upon certain matters not necessary to set out, and the judgment of the court affirmatively shows that neither of these parties appeared in person or by attorney, and made no defense to the plaintiff's cause of action, or that any evidence whatever was offered as to the independent cross-actions of Swift and Sikes against each other. The court ordered "that the defendants W. B. Swift and J. B. Sikes take nothing by reason of their respective cross-actions filed herein," hence adjudicating the matter to that extent with reference to the cross-complaints. The plaintiff in error W. B. Swift complains of this action of the court in "adjudicating * * * the rights of the defendants J. B. Sikes and W. B. Swift, because said parties did not appear any further than to file their answers in said cause, and no other appearance was made by them," asking that the whole cause be reversed and remanded for a retrial upon the merits. In this matter the defendant Sikes, also the defendant E. L. Myrick, participate by adopting the brief and the authorities of the plaintiff in error Swift, with the same prayer for relief in the appellate court.

[1-3] There is no statement of facts in this record; hence every material allegation in the petition of the defendant in error, Beemer (plaintiff in the court below), necessary to sustain the judgment is presumed to have been proven in his favor. The independent matters comprehended in the cross-action of Swift alleged against the defendant Sikes could not, of course, in the condition of this record, be adjudicated one way or the other in favor of or against Sikes, for the reason that the record affirmatively shows that Sikes neither appeared in person nor by attorney. We are not so sure that Swift, whose answer was filed subsequently to that of Sikes, might not have been bound by a

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

judgment upon the cross-action of Sikes against Swift, although Swift did not appear either individually or by representative; but as to the independent cross-action of Swift in his answer filed subsequently and pleaded against Sikes, there having been no appearances or citation, the case of Harris v. Schlinke, 95 Tex. 91, 65 S. W. 172, decided by our Supreme Court, would control. That case further holds "that a plea in reconvention or cross-bill occupies the same attitude as an independent suit," and we are inclined to think that the proper practice in this respect would have been for the trial court, where no proof is offered on these independent suits, to have dismissed each of the cross-actions leveled against the respective defendants without prejudice. The defendant in error, Beemer, could not have asked for such a judgment as this, as it had no relation whatever to his cause of action or his elements of recovery, and with reference to which he was not concerned. These cross-actions, being independent pleas in the nature of independent suits, we believe, would have the same status as any other suit, where no proof is offered, and the trial judge desires to dispose of the cause—in such a case the proper procedure is a dismissal of the case ordinarily for want of prosecution.

[4, 5] We are unable to reverse and remand this cause as a whole, and the authorities of the plaintiff in error Swift, which are deemed by it as conclusive, touch this matter only on some points, but as applicable to this character of record, with reference to other points, are very remote. The matters attempted to be adjudicated by the two defendants against each other in their independent cross-actions are not a part of the main suit of the defendant in error, Beemer, and this is not a cause where the judgment is entire, and where a reversal as to one of the defendants and as to a part of the judgment would open up the whole judgment, which is decided by the case of Willie v. Thomas, 22 Tex. 175, and other cases cited therein, but is one disassociated and severable from the main cause, and may be severed from the main judgment. We are unable to ascertain from this record that the defendant in error, Beemer, is in any manner responsible for the character of judgment adjudicating the cross-actions of these defendants entered by the trial court, and we do not think that said defendant in error should be charged with the costs of this writ of error.

We believe that the proper order in this respect is that the plaintiff in error Swift pay the costs of this writ of error, and that judgment be entered on his bond to that extent, and that the plaintiff in error Swift further recover of and from J. B. Sikes one-half the costs of said writ of error, and that E. L. Myrick pay all costs accrued by him on account of the filing of his said brief; and it is further ordered that the judgment of the court below be reformed to the extent that the independent cross-actions of Sikes and Swift be dismissed without prejudice, and said judgment be affirmed in all other respects, and that the defendant in error, Beemer, be exonerated from all costs of this writ of error.