### JOHNSON v. CAMPBELL et al.

#### No. 11306.

Court of Civil Appeals of Texas. Galveston.

Aug. 22, 1941.

F. F. Beadle, of Houston, for relator.

Andrews, Kelley, Kurth & Campbell, W. M. Streetman, and Leon M. Payne, all of Houston, for respondents.

CODY, Justice.

This is an original proceeding in this court in which relator seeks a writ of mandamus to compel the trial of a cross-action which was filed by him in the district court of Harris County under the file number and style on the docket of said court of "No.203,297, Beaumont, Sour Lake & Western Ry. Co. v. Harry K. Johnson", wherein relator, as cross-plaintiff, sued Beaumont, Sour Lake & Western Railway Company and Houston North Shore Railway Company, as cross-defendants. It is sufficient to state, without naming them, that all necessary and proper parties to this proceeding are before us in this proceeding.

It is properly made to appear that the main action, to which the aforesaid cross-action was filed by relator, was filed by

Beaumont, Sour Lake & Western Railway Company against relator on March 12, 1932; and that said cross-action was filed as a part of the same pleading in which relator, as defendant, answered in the main action. That is to say, said cross-action was bound together within the same manuscript cover as the answer in the main action, and was identified upon the docket of the court by the same number and style that identified the main action. It is further made to appear that the following entry was made upon the docket of said court, upon the date indicated, to-wit: "Beaumont, Sour Lake & Western Ry. Co. v. Harry K. Johnson, No.203,297. November 7, 1938. Dismissed for want of prosecution."

It also further appears that the same words and figures just quoted as a docket entry in said cause was also entered in the minutes of the court as the judgment of the court in said cause, and that said minutes were duly and regularly signed by the Honorable Roy F. Campbell as judge of the court. It further appears that Judge Campbell has refused to set said cross-action down for trial, and in connection with said refusal stated that by the entry and judgment aforesaid he intended to, and considered that he had, rendered judgment dismissing the whole action, both main and cross, designated and identified by the aforesaid number and style.

Harris County is one wherein there are more than four civil district courts, and wherein the special practice act, R.S. Article 2092, operates. Under that act (Sec. 27) the judges are empowered to make rules having for their purpose the orderly dispatch of the business of the civil district of the county. The judges of said courts have adopted the practice of clearing the dockets of their courts periodically of cases which are inactive and which, in their opinion, should be dismissed for want of prosecution. The procedure followed is this: The clerk makes up a list of cases which have slept on the docket for a period of time determined by the judge. The list thus made up is posted on the bulletin board in the court room of the court, wherein said cases are pending, for four weeks together with the notice that the cases appearing on said list will be dismissed for want of prosecution on a given date unless good cause be shown for continuing same on the docket. Said list and a like notice is published in the Daily Court Review for

four weeks. Furthermore, a postcard is mailed to the attorneys of record in each case notifying them that said case will be dismissed for want of prosecution upon the specified date unless good cause is shown for its retention on the docket. Then, unless upon the dismissal date thus specified the plaintiff in the main action or cross-plaintiff in the cross-action if there be a cross-action, have not appeared and shown cause, or announced ready, the whole action, main and cross, is dismissed for want of prosecution.

It has been made to appear to us that this cause was placed on the dismissal docket on November 1, 1935, and the foregoing outlined procedure was duly followed, with the result that the case was ordered retained on the docket at the request of relator. Again, in June, 1937, the whole cause was again set down for dismissal, under its docket number and style, and the above-indicated notices were duly given. Once more the cause was retained on the docket at the request of relator. Thereafter, and beginning four weeks prior to November 7, 1938, the same procedure, looking to the dismissal for want of prosecution of the whole cause, designated and identified upon the docket by said number and style was followed. On this occasion, however, relator did nothing to retain his cross-action on the docket, but suffered the usual procedure to be followed where causes are dismissed for want of prosecution from the docket of the civil district court of Harris County. And the court thereafter made the aforesaid docket entry and judgment of dismissal for want of prosecution.

It thus appears that the plaintiff and cross-plaintiff suffered their respective cases, identified upon the docket of the court by the same number and style, to lie dormant for about five years. It was clearly within the court's discretion to conclude that both plaintiff and cross-plaintiff had abandoned their main action and cross-action respectively. Not only so, but when relator received notice which he knew meant that his cross-action would be dismissed on November 7, 1938, unless on or before that date he appeared and showed good cause for retaining it on the court's docket, his failure to so appear can hardly be construed in any other light than an intentional abandonment of his cross-action. Certainly no one would say that the court was not warranted in concluding that

relator had abandoned his cross-action prior to the date of the dismissal, November 7, 1938. And what the court was thus warranted in concluding, the cross-defendants were also warranted in concluding. But in addition to that, relator not only suffered the dismissal date to pass without showing good cause for retaining his cross-action on the docket, but also suffered the court to render judgment of dismissal for want of prosecution, and suffered this judgment of dismissal to stand for a year and a half without raising any question, or attempting to take any action. To be sure, relator contends that, as recorded in the minutes, the judgment is wholly insufficient to be effective as a judgment dismissing his cross-action. Relator cites cases which he urges support his contention. We have concluded that it is unnecessary to pass upon relator's contention, and therefore we will not discuss the cases cited. In the first place, it seems to us that the docket entry sufficiently evidences the fact that the court rendered judgment dismissing the whole case on November 7, 1938; so that, if the judgment as entered is not sufficient to effect a dismissal of the cross-action, it is still within the jurisdiction of the court by a nunc pro tunc order to correct the judgment so as to make it include the cross-action in the dismissal. That the notation upon the court's docket is sufficient to support such a nunc pro tunc order cannot be questioned. Under the practice and procedure prevalent in Harris County civil district courts, the court should, at the time he made said notation, have ordered the entire cause dismissed. It would have been arbitrary and unjust for the court not to have ordered the whole cause dismissed. The cross-defendants had the right to expect that, if their main action were ordered dismissed, the cross-action would likewise be dismissed. Furthermore, the clerk of the court, and all attorneys who practice in Harris County necessarily would understand from said docket entry that the court had rendered judgment dismissing the whole case in conformity to the notice given under the stated practice and procedure. In stating that the docket entry was sufficient to support a nunc pro tunc order expressly referring to the cross-action, and dismissing the same by referring to it as a cross-action, we do not wish to be understood as ruling that under the practice and procedure of Harris County civil district courts the judgment as entered was ineffective to dismiss said cross-action.

And as has already been indicated, before a court is authorized to dismiss a cause for want of prosecution, he must reach the conclusion that the plaintiff has intentionally abandoned the prosecution thereof, or that the facts are such that the law will imply an intention to abandon the prosecution. The facts presented in this case are such as would support the trial court's conclusion that relator had intended to abandon his cross-action and cause its dismissal on November 7, 1938, by failing to appear on or before that day, after notice that it would then be dismissed. Such a conclusion by the court would justify his refusal to set the cause down for trial, even if after its abandonment it had not been dismissed from the docket. See Burger v. Young, 78 Tex. 656, 15 S.W. 107. And since the court may have refused to set the cross-action down for trial upon such a conclusion, which conclusion would constitute an action of judicial discretion, and we will not by a writ of mandamus constrain the court in the exercise of judicial discretion. See Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Ann.Cas.1914B, 288.

We have considered, in reaching the conclusion that no writ of mandamus should issue, the following cases: Anderson v. Rogge, Tex.Civ.App., 28 S.W. 106; Swift v. Beemer, Tex.Civ.App., 160 S.W. 989; Ware v. Jones, Tex.Com.App., 242 S.W. 1022.

R.S.Article 2092 has been in force for many years, and the practice of the judges of the civil district courts of Harris County in dismissing cases sleeping on their dockets by such an order and judgment as was made in this case has long been followed, and no question has been raised but that such a judgment dismissed the whole case. After all these years if a technical construction should be applied which would have the effect of placing on the docket cross-actions that have long been considered disposed of, the way would be opened for grave injustice to be done. And certainly it is no injustice to cross-plaintiffs to enforce against them orders which they knew had the purpose of dismissing their cross-actions.

Under these conclusions, it is manifest that relator's application for mandamus should be in all things refused. It is so ordered.

Application for mandamus refused.