Joe B. CRAIG et ux., Appellants,

v.

STATE of Texas et al., Appellees.

No. 336.

Court of Civil Appeals of Texas.

Tyler.

Oct. 17, 1968.

Rehearing Denied Nov. 21, 1968.

**714** ■ 

Phenix & Wilder, Bill Wilder, Henderson, for appellants.

Colley & Lloyd, Paul S. Colley, Henderson, for appellees.

MOORE, Justice.

Appellants, Joe B. Craig and wife, condemnees in the court below, perfected this appeal from an order of the County Court of Rusk County sustaining the condemnors' motion to dismiss a condemnation suit for want of prosecution.

The record reveals that the state originally instituted condemnation proceedings against appellants seeking to condemn a portion of appellants' land for highway purposes. Not being satisfied with the award of the special commissioners, appellants duly perfected an appeal therefrom to the County Court of Rusk County. The state did not appeal. The appellee, State of Texas, filed a motion to dismiss the appeal for want of prosecution, alleging that appellants had failed to exercise reasonable diligence in the prosecution of their claim and had therefore abandoned the suit.

After a hearing, the trial court granted the condemnors' motion to dismiss and rendered a judgment carrying into effect the award theretofore entered by the special commissioners. Appellants excepted to the ruling and duly perfected this appeal, seeking a reversal of the judgment on the ground that the trial court erred in dismissing the suit for want of prosecution.

The facts bearing on the question are these: Appellants, together with several other landowners along Highway 79, agreed that in order to save time and expense in the defense of the various condemnation suits filed by the State that they would employ the same firm of attorneys to represent them. After the attorneys were employed, a hearing was conducted before the special commissioners and appellants were awarded the sum of $4,000.00 in damages. The State promptly deposited such sum into the Registry of the Court and took possession of appellants' land. Subsequently, appellants were granted permission to withdraw the funds from the Registry of the Court. The appellants duly perfected an appeal from the award by filing their objections and exceptions thereto in the County Court of Rusk County on January 23, 1959. Citation was promptly issued and the State filed an answer. The proceedings which took place in the County

Court are reflected by the docket sheet which was introduced in evidence upon the hearing of the motion to dismiss. The docket entries are as follows:

| "DATE OF ORDERS: | ORDER OF COURT |
|---|---|
| 4-28-59 | Set for hearing June 18, 1959 at 9:30 A. M.<br>Charlie M. Langford |
| 5-28-59 | Continued indefinitely.<br>Charlie M. Langford |
| 11-18-59 | Set for hearing Jan. 25, 1960.<br>C. M. Langford |
| 1-8-60 | Defendant's Amended Exceptions to Commissioners Report filed |
| 1-15-60 | Continued on Courts own Motion |
| 2-23-60 | Set for hearing March 29th, 1960 |
| 3-29-60 | Re--set for Tuesday, June 7, 1960<br>C. M. Langford |
| 5-8-67 | Motion on hearing to Dismiss set for 5/17/67 at 10: A.M.<br>F. R. Files |
| 5/16/67 | Motion of Rex Houston and Firm to be dismissed as Attorneys is granted as per order.<br>F. R. Files |
| -- | Hearing on Motion to Dismiss set for 10:00 A.M. June 14, 1967.<br>F. R. Files" |

———◆———

The evidence offered upon the hearing to dismiss shows that the Honorable Paul S. Colley represented the State of Texas in the original condemnation proceedings and continued to represent the state until January 1, 1963, when he was elected and qualified as County Judge of Rusk County. Upon assuming his duties as County Judge, he turned the file over to his law partners with the understanding that they would represent the State of Texas. Judge Colley served as County Judge until November 30, 1966, when he resigned and was succeeded by the present County Judge, F. R. Files.

A review of the docket entries will reveal that the appellants exercised some diligence in bringing their case to trial prior to June 7, 1960. While the docket entries do not indicate any activity during the tenure of Judge Charlie M. Langford subsequent to June 7, 1960, until he was succeeded by Judge Colley on January 1, 1963, Mr. Craig testified that he was continually in contact with his attorney urging some action in the matter. He testified that he did not attempt to employ other attorneys because of his agreement with his neighbors agreeing to retain the same firm of attorneys. During the approximate three year period in which Judge Colley occupied the office of County Judge, appellant testified that he contacted Judge Colley on numerous occasions in his office requesting assistance in bringing the case to trial. Judge Colley admitted that ap-

pellant had called on him frequently with regard to the case and that in each instance he advised appellant that he was disqualified and suggested that he see his attorney. Appellant testified that in response to Judge Colley's suggestion, he contacted his attorneys requesting that some action be taken. There is evidence in the record showing that during this period of time the attorneys representing the parties made an effort to agree upon the selection of some local attorney who would be willing to act as trial judge. At one time they were able to agree upon an attorney, but he refused to accept the appointment. Thereafter, the parties were never able to agree upon any other attorney. There is no evidence showing that appellants ever made a formal request to Judge Colley asking him to disqualify himself. Nor is there any evidence in the record showing that Judge Colley ever certified his disqualifications to the Governor or requested the appointment of another judge under the provisions of Arts. 1930, 1931 and 1933, Vernon's Ann.Tex. Civ.St.

After Judge Colley resigned on November 30, 1966, he returned to the private practice of law and resumed his duties as counsel for the State of Texas in this cause.

While it does not appear that appellants made any effort to secure a trial between the time Judge Files assumed the duties of County Judge on December 1, 1966, until the motion to dismiss was filed on May 8, 1967, it will be observed that the period of time involved only about four months, excluding the Christmas holiday season.

The evidence further shows that when the motion to dismiss was filed, appellants' attorneys promptly withdrew from the case and returned the file to the appellants. Shortly thereafter, on May 16, 1967, appellants employed another firm of lawyers who immediately addressed a letter to the County Judge advising of their employment and requesting a setting for the first available jury week. The hearing on the motion to dismiss was originally set by the

court for May 17, 1967, but, at the request of appellants' new counsel, was reset for June 14, 1967. The trial judge conducted a full hearing and at the conclusion thereof entered the order dismissing the cause for want of prosecution, from which this appeal resulted.

■ The rule governing the decision of this case, supported by abundant authority, is that even without statutory authority, a court has the right to dismiss a suit for failure to prosecute it with due diligence. The matter rests in the sound discretion of the trial court. It is not an unbridled discretion but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85; 20 Tex.Jur. 2d 214, Par. 33.

■ Before a court is authorized to dismiss the cause for want of prosecution, the trial judge must reach the conclusion that plaintiff has intentionally abandoned the prosecution thereof, or that the facts are such that the law will imply an intent to abandon the prosecution. Loftus v. Beckmann et al. (Tex.Com.App.), 1 S.W.2d 268, 270; Johnson v. Campbell et al. (Tex.Civ.App.), 154 S.W.2d 878. It has been said that a case should not be dismissed on the ground of abandonment unless such abandonment clearly appears. Loftus v. Beckmann, supra.

Each case is controlled by its own conditions. 20 Tex.Jur.2d 215, Par. 33.

■ Upon applying the foregoing rules to the facts of the present case, we believe the trial court was in error in dismissing the cause. As we view the record, the evidence is factually insufficient to show that the appellants intended to abandon the prosecution of their suit. As stated before, appellants timely appealed from the award of the special commissioners and promptly issued citation in the case. Thereafter, they caused the case to be set for

trial on several occasions. While we recognize that the evidence discloses an unexplained delay between June 7, 1960 and January 1, 1963, when Judge Colley took office as County Judge, in view of appellants' subsequent conduct showing an intent to prosecute the case, we do not believe it can be inferred that they intended to abandon their suit. The evidence shows that during the time that Judge Colley was disqualified, appellants made an effort to agree with opposing counsel for some other attorney to serve as trial judge, but were unsuccessful. While they did not go further and formally petition Judge Colley to disqualify himself and request the Governor to appoint a special judge, we do not believe this fact alone is sufficient to show an intent to completely abandon the cause. Nor do we believe that the inaction by appellants for the relatively short period of time between the time Judge Colley resigned until the motion to dismiss was filed was sufficient to show abandonment. It must be remembered that the circumstances surrounding this particular situation present a rather unusual chain of events which was not brought about by the appellants and which was not entirely subject to their control. The fact that the attorney representing the State subsequently became the trial judge constitutes a circumstance which is calculated to cause delay in the orderly process of the litigation. Had this situation not occurred, who can say that the cause would not have been tried or settled during the three year period while he occupied the bench. All in all, we do not believe that the facts here present a situation where it can be said that the evidence clearly shows that the appellants intended to abandon the prosecution of their case.

There is no showing and no attempt to show that appellees have been injured by the delay. Although we recognize that such proof was not essential, nevertheless, we believe this facet of the case is entitled to some weight in determining whether or not the order of dismissal was grounded upon the exercise of sound judicial discretion. Loftus v. Beckmann et al., supra.

While appellants may not have exercised the utmost diligence in the prosecution of their suit, we believe the peculiar facts and circumstances presented here are sufficient to explain the reason for the greater part of the delay, and are likewise sufficient to show that the appellants never actually intended to abandon their suit.

For the reasons stated, the judgment is reversed and the cause remanded for trial upon the merits.