**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**LIBERTY COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. SIX, Appellee.**

No. 7344.

Court of Civil Appeals of Texas, Beaumont.

May 25, 1972.

Rehearing Denied June 29, 1972.

Sewell, Junell & Riggs, Houston, Thomas A. Wheat, Liberty, for appellant.

Daniel Morrison & Strahan, Liberty, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court dismissing an eminent domain suit for want of prosecution. The Liberty County Water Control and Improvement District No. Six (hereinafter called The District) is the condemning authority. The Missouri Pacific Railroad Company (hereinafter called The Railroad) is the land owner. The purpose of the condemnation proceedings was to secure easements for the construction of a levee in the Trinity River bottom.

The sequence of events pertinent to this appeal is as follows: August 11, 1964, the award by the commissioners was filed for record and money deposited. August 19, 1964, The Railroad filed its objections to the award. July 11, 1968, The Railroad wrote a letter to the county clerk asking that citation be issued which was done the following day. Immediately thereafter, The Railroad sought an injunction to prevent the construction of the levee. This proceeding was conducted in the county court under the cause number assigned to the condemnation proceeding. The District appeared in this ancillary proceeding and at its conclusion the injunction was denied. The next record of activity in the case was on July 11, 1968, when The District filed a motion to dismiss this suit. March 22, 1971, The Railroad's letter requesting a jury and jury fee was received by the county clerk. April 15, 1971, The District filed its amended motion to dismiss. Such motion was heard on November 5, 1971, and granted.

The principles of law governing our consideration of this case on appeal are clearly and concisely stated by Chief Justice Calvert in his dissenting opinion in

Denton County v. Brammer, 361 S.W.2d 198, 202–203 (Tex.Sup.1962), as follows:

"One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion."

Paraphrasing Chief Justice Calvert from that case, the true question before us is whether the trial court clearly abused his discretion in granting The District's motion to dismiss. That matter rested in the sound discretion of the trial judge—not unbridled but judicial.

Following the guidelines set out for us above, we do not find a clear abuse of the trial court's discretion in granting the motion to dismiss.

The trial court in the case before us heard evidence from The Railroad as to its reasons for its delay in prosecuting this proceeding, which takes us past the only point of disagreement between the majority and dissenting opinions in the *Brammer Case,* supra.

A summary of the evidence heard by the trial court is related by The Railroad in its brief as follows:

"During the first year (1964–1965), the Railroad had retained a private consulting engineering firm, which did certain surveying work, and made observations during the spring 1965 flood. In the summer of 1965 the firm rendered their 'First Stage Report.' Mr. Sewell, as counsel for the Railroad Co. then recommended to the latter that the case not proceed to trial until any necessary construction expense had been incurred.

"From 1965 through 1968, the Railroad did further protective work—especially in regard to a major flood which occurred in May 1966—at a total expense of over $130,000.00. In late 1968, the Railroad sent Mr. Sewell a recapitulation of all the expenses, and stated that most of the work had been completed.

"In 1968 and 1969, both Mr. Sewell and Honorable Price Daniel, leading counsel for and principal land owner in the Levee District, were temporarily engaged in other matters. Mr. Sewell had an unusual succession of heavy trial litigation involving large amounts of money, and Mr. Daniel was in Washington, D. C. on important government assignments.

"In 1969, Mr. Sewell wrote Mr. Daniel formally submitting a demand of $150,-000.00, and Mr. Daniel wrote back, rejecting such demand. Further trial preparatory work was done, and in September 1970, Mr. Sewell wrote Mr. Daniel asking for an agreement on a trial date. Mr. Daniel could not do so because he was otherwise engaged in land title boundary litigation."

The attorneys representing both sides of this matter have filed excellent briefs and have discussed most of the Texas cases that we have been able to find on this point. Apparently there is only one such case in which the trial court heard evidence as to the reason for the delay and granted the motion to dismiss and the appellate court

found an abuse of discretion. This is the case of Craig v. State, 433 S.W.2d 713 (Tex.Civ.App., Tyler, 1968, error ref. n. r. e.). In this case, the condemnees filed their objections to the award January 23, 1959. Citation was issued and served and an answer filed. There were several settings and continuances until the case was reset March 29, 1960 for June 7, 1960. Nothing was shown on the docket until the motion to dismiss was filed on May 8, 1967. The order of the trial court dismissing the case was reversed and remanded by the court of civil appeals with an opinion which included this statement:

"Before a court is authorized to dismiss the cause for want of prosecution, the trial judge must reach the conclusion that plaintiff has intentionally abandoned the prosecution thereof, or that the facts are such that the law will imply an intent to abandon the prosecution. Loftus v. Beckmann et al. (Tex.Com.App.), 1 S.W. 2d 268, 270; Johnson v. Campbell et al. (Tex.Civ.App.), 154 S.W.2d 878." (433 S.W.2d at p. 716.

We find no mention in Loftus v. Beckmann, 1 S.W.2d 268 (Tex.Com.App.1928), that the trial court must reach the conclusion that the plaintiff has intentionally abandoned the prosecution of his case before such court is authorized to dismiss the cause for want of prosecution. However, the above statement is almost an exact quotation from Johnson v. Campbell, 154 S.W. 2d 878 (Tex.Civ.App., Galveston, 1941, no writ), which cites no authority for its holding.

We have come to the conclusion, from a careful study of all of the cases we have been cited and the cases we have found, that it is the unfortunate use of the word "abandonment" which is responsible for much of the difficulty experienced by our trial courts in resolving this particular problem. When the word "abandonment" is used in its generally accepted sense, it has been held to include the "intent to abandon." See Leonard v. Prater, 36 S.W.

2d 216 (Tex.Com.App.1931, holdings approved), and Hines v. Hanover Co., 23 S. W.2d 289 (Tex.Com.App.1930). The real question to be determined is whether the case has been prosecuted with due diligence as noted in the quotation from the *Brammer Case*, supra. Due diligence is the exercise of ordinary care as defined in tort law and should not be confused with an *intent to abandon*.

■■ In order to bring this question directly before the Supreme Court, we now hold specifically that an intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of prosecution and that the sole test is whether the case was prosecuted with due diligence. So that this question will have substance, we hold that the evidence in this case supports the conclusion that The Railroad did not intend to abandon this case and that a contrary finding would be against the great weight and preponderance of the evidence.

In spite of the loose use of the word "abandonment" by many of our appellate courts, we are persuaded that "due diligence" is the test because of the statement made by our Supreme Court in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957). In that opinion, the court not only stated the rule that a court has the right to dismiss a case for failure to prosecute it with due diligence, but specifically eliminated the "intent to abandon" theory with this statement at page 88:

"The fact that respondents had no intention to abandon it, or that their attorney had hopes of settling the case, cannot be made a ground for charging an abuse of discretion by the trial court."

The position we have taken in this case is fortified by the opinion in Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489 (1942), in which the question before us is discussed at length as being one of due diligence with no mention being made of "intent to abandon."

These two cases, *Bevil* and *Callahan,* are cited with approval in almost every "dismissal" case that we have read, including the following: Lowe v. City of Arlington, 470 S.W.2d 206 (Tex.Civ.App., Fort Worth, 1971, writ ref. n. r. e.); Hargrove v. Koepke, 320 S.W.2d 53 (Tex.Civ.App., San Antonio, 1959, no writ); Chapa v. Wirth, 343 S.W.2d 936, 938 (Tex.Civ.App., Eastland, 1961, no writ); Payne v. City of Tyler, 379 S.W.2d 373 (Tex.Civ.App., Tyler, 1964, error ref. 383 S.W.2d 804); Pollok v. McMullen Oil & Royalty Co., 383 S.W.2d 837 (Tex.Civ.App., San Antonio, 1964, error ref.); Farr v. Jefferson Amusement Company, 396 S.W.2d 434 (Tex.Civ.App., Texarkana, 1965, error dism.); and Petroleum Refining Company v. McGlothlin, 429 S.W.2d 676 (Tex.Civ.App., Eastland, 1968, error ref. n. r. e.).

Under the due diligence test, the trial court did not abuse its discretion in entering the order of dismissal. The judgment is affirmed.