**J. Arnold UZZELL, Appellant,**

v.

**John R. PRUSKI et ux., Appellees.**

No. 7401.

Court of Civil Appeals of Texas, Beaumont.

Oct. 26, 1972.

Michael W. Wagner, San Antonio, for appellant.

Allan A. Black, Guy Bonham, San Antonio, for appellees.

DIES, Chief Justice.

The question involved in this case is whether the trial court abused his discretion in dismissing this case for want of prosecution. The sequence of events is as follows: (1) on August 31, 1966, plaintiff filed his original petition. (2) On May 26, 1967, plaintiff requested a setting on the non-jury docket. It was set for 2:00 p. m. on July 14, 1967. (3) On May 29, 1967, "plaintiff" filed a jury demand signed by Allan A. Black, "Attorney for Plaintiff". However, this attorney signed defendants' First Amended Original Answer as "Attorney for defendants". (4) On July 6, 1967, defendants filed their First Amended Original Answer. (5) On October 21, 1971, plaintiff requested a setting on the non-jury docket. It was set for 9:00 a. m. on December 2, 1971. (6) On November 10, 1971, defendant moved for a setting on the jury calendar for the month of February 1972. (7) On January 21, 1972, defendants filed a motion to dismiss for want of prosecution which was set for hearing on January 31, 1972. (8) On January 31, 1972, plaintiff filed his answer to the motion to dismiss at the hearing on that date. (9) On February 4, 1972, the court granted defendants' motion and dismissed the cause.

Chief Justice Hickman, writing for our Supreme Court in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957), laid down the general rule governing these situations as follows:

"The rule governing the decision of this case, supported by abundant authority, is that, even without statutory authority, a court has the right to dismiss a suit for failure to prosecute it with due diligence. The rule applies to a movent in a motion for new trial in the same de-

gree as to the plaintiff in an independent suit. The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law."

This is so even though at the time of dismissal the erring party manifests intention to thereafter prosecute it to judgment. Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 630 (1958); Rorie v. Avenue Shipping Co., 414 S.W.2d 948 (Tex.Civ.App., Houston, 1967, error ref. n. r. e.); and Petroleum Refining Company v. McGlothlin, 429 S.W.2d 676, 678 (Tex.Civ.App., Eastland, 1968, error ref. n. r. e.)

■ This court in Missouri P. R. Co. v. Liberty County Water C. & I. Dist., 483 S.W.2d 50, 52 (Tex.Civ.App., Beaumont, 1972, error ref. n. r. e.), in an able opinion by Justice Stephenson, recently held "that an intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of prosecution and that the sole test is whether the case was prosecuted with due diligence." [For example, see Loftus v. Beckmann, 1 S.W.2d 268 (Tex.Comm.App.1928) and Craig v. State, 433 S.W.2d 713 (Tex.Civ. App., Tyler, 1968, error ref. n. r. e.)]

■ Here the trial court's order recites that he heard evidence and that the "Motion is well-taken and should be granted because of the failure of the Plaintiff to show diligence in the prosecution of this said cause." We have no statement of facts. Under these circumstances, it is not possible for us to inquire whether the trial court abused his discretion and we must presume he did not. Guthrie v. National Homes Corporation, 394 S.W.2d 494, 495 (Tex.1965) and Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, 685 (1951).

The order granting the motion to dismiss is affirmed.

STEPHENSON, Justice (concurring).

I respectfully concur in the disposition of this appeal and add these few statements solely for the purpose of assisting trial courts when faced with this problem.

The steps that should be taken are set forth in the dissenting opinion of Chief Justice Calvert in Denton County v. Brammer, 361 S.W.2d 198, 202–203 (Tex.1962), as follows:

"One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion."

In our case, from the judgment entered, there is an implied finding that the trial court determined from its record that this case had been on its docket without action for an unreasonable length of time (four years and almost five months). The trial court then afforded plaintiff an opportunity to prove, if he could, that he had good reason for his delay in prosecuting this

case. In the absence of a statement of facts, there is an implied finding that the evidence heard supports the trial court's action in dismissing this case. Without a statement of facts, it is not possible for this court to determine that the trial court clearly abused his discretion in granting the motion to dismiss.