Walter J. LEVERMANN, et al., Appellants,

v.

L.M. CARTALL and H.E. Newby, Appellees.

No. 9470.

Court of Appeals of Texas, Texarkana.

July 8, 1986.

Rehearing Denied Aug. 12, 1986.

Will A. Morriss, San Antonio, for appellants.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellees.

GRANT, Justice.

The Levermanns appeal the dismissal for want of prosecution of their medical malpractice case. They contend by their points of error that the trial court abused its discretion in granting the appellees' motion to dismiss for want of prosecution and in refusing to grant the subsequent motion to reinstate.

The case arose from an incident that occurred in 1960, and suit was filed in 1962. The case was tried to a jury and the verdict was unfavorable to the Levermanns. They appealed and the case was reversed and remanded for a new trial. *Levermann v. Cartall,* 393 S.W.2d 931 (Tex.Civ.App.-San Antonio 1965, writ ref'd n.r.e.). After the remand, the cause remained on the docket of the 63rd District Court without activity for the next seventeen years. The court placed the case on the dismissal docket in June, 1983. Pursuant to the order announcing the dismissal docket, the Levermanns' attorney appeared before the clerk of the court as required, and the cause was retained on the docket. The appellees filed a motion to dismiss on June 10, 1983. On April 26, 1984, the case was set for trial. Judge George Thurmond had recused himself from the case. Thurmond, as presiding judge, assigned another judge to try the case. The case was set for trial on May 29, 1984, but it was continued on a motion by the appellees. (The motion was entitled Application for Continuance and for Docket Control Order Subject to Motion to Dismiss.) On July 2, 1984, the appellees supplemented their motion to dismiss. On November 27, 1984, Judge Richard J.

Woods was assigned to the case. He held a hearing on the motion to dismiss for want of prosecution on November 28 and took the matter under advisement. On April 2, 1985, Judge Woods dismissed the case for want of prosecution. On June 12, 1985, following another hearing, Judge Woods denied the Levermanns' motion to reinstate the cause.

The trial court has the right to dismiss a suit for the failure to prosecute it with due diligence, and this is a matter which rests in the sound discretion of the trial court. *Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730 (Tex.App.-Dallas 1985, no writ). However, this is not an unbridled discretion, but a judicial discretion subject to review. Upon review, whether there was a clear abuse of discretion by the trial court is a question of law. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Wyatt v. Texas Oklahoma Express, Inc.,* 693 S.W.2d 731 (Tex.App.-Dallas 1985), no writ). Likewise, an application for reinstatement is addressed to the sound discretion of the trial court, and its actions will not be disturbed in the absence of a showing of abuse. *Buchanan v. Masood,* 631 S.W.2d 219 (Tex.App.-Amarillo 1982, no writ); *Wm. T. Jarvis Co. v. Wes-Tex Grain Co.,* 548 S.W.2d 775 (Tex.Civ. App.-Waco 1977, writ ref'd n.r.e.). The trial court may dismiss a suit for want of prosecution pursuant to its inherent power. *State v. Rotello,* 671 S.W.2d 507 (Tex.1984). In resolving the issue of dismissal, the trial court is entitled to consider the entire history of the case. *Denton County v. Brammer,* 361 S.W.2d 198 (Tex.1962). The plaintiff's assertion at a dismissal hearing that he did not intend to abandon the case is immaterial. *Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628 (1958).

The Supreme Court addressed the problems caused by a delay in eloquent words in *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930 (Tex.1975):

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the

courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

While there is no fixed standard for the amount of time that must elapse to create a presumption of a lack of diligence, we believe that a seventeen year delay creates such a presumption.

The Levermanns rely on the cases of *Craig v. State*, 433 S.W.2d 713 (Tex.Civ. App.-Tyler 1968, writ ref'd n.r.e.), and *Moore v. Armour & Co.*, 660 S.W.2d 577 (Tex.App.-Amarillo 1983, no writ). In the *Craig* case, the suit had been pending for approximately eight years and four months. During that time one of the attorneys for the State was selected as judge of the court where the case was pending and served for three years and eleven months. On appeal from a dismissal for failure to prosecute, the court found that although the appellants had not exercised utmost diligence, it did not appear that they intended to abandon the suit, and that the delay was attributable in part to the unusual situation arising from the fact that the attorney representing the State subsequently became the trial judge.

In the present case, no testimony was given at the hearing on the motion to dismiss, but affidavits were filed by the Levermanns and their attorney to the effect that they were ready, willing, and able to try the case at any time, that they had not abandoned the suit, and that they had a meritorious claim involving a substantial sum of money. Larry Levermann, who was the injured party, also stated that he was a minor until September 21, 1977. (Having attained his majority for approximately seven years prior to the dismissal, he had ample opportunity to pursue his cause in his own right before it was dismissed.) The only reason given for the delay was that Roger Thurmond who was the judge until his death in 1970 and his son George Thurmond who became the judge at that time and is presently the trial judge of that court, were disqualified in the case, because George Thurmond had been one of the original attorneys for the defendant in the case.

The present case differs from the *Craig* case in two respects. First, the evidence in the *Craig* case showed that Craig continued to try to get his case tried by contacting the judge on many occasions, and that the attorneys had agreed upon another attorney to serve as judge (this involved a county court), and this attorney refused to serve in that capacity. The second distinction is that the present case has been pending since July 19, 1962, which is much longer than the *Craig* case had been pending.

While we recognize that the disqualification or recusal of the trial judge caused some delay, the Levermanns were able to get another judge assigned in a relatively short period of time for the first trial as well as obtaining an assigned judge at the time of dismissal. The Levermanns do not contend that they ever requested a setting pursuant to Tex.R.Civ.P. 245 during the seventeen year interval. While the attorney for the Levermanns states in his affidavit that no judge or courtroom was available during this time, he had not taken the necessary step of requesting a trial setting to make a judge and courtroom available to him. If the Levermanns had made a request for a setting and the lapse of time had been attributable to the failure of the judicial system to provide a trial, they would certainly be in a different posture

and could not be charged with a failure to prosecute.

In *Denton County v. Brammer, supra,* the Supreme Court cites *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489 (1942), by quoting the following:

Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and *whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive* presumption of *abandonment* of the plaintiff's suit, * * * *discontinuance results.*

(Emphasis added in *Denton County v. Brammer, supra.*)

In the case of *Moore v. Armour & Co., supra,* the court considered a case that was filed in February of 1969 and dismissed for want of prosecution on September 18, 1981. The court held that because Moore had announced ready, secured a trial setting, and stood ready to go to trial when his case was dismissed, such a dismissal under those circumstances was an abuse of discretion. The court in the *Moore* case relied upon *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948 (Tex.Civ.App.-Houston 1967, writ ref'd n.r.e.), and *Wm. T. Jarvis Co. v. Wes-Tex Grain Co., supra.* In the *Rorie* case, the court found that not only had the appellant been diligently prosecuting the case for eight months prior to the dismissal, but appellant showed reasonable grounds for delay, because of the unsettled state of the law prior to that time and because the appellant in good faith was seeking settlement of his claim for compensation under the United States Longshoreman's and Harbor Workers' Compensation Act which was not involved in that suit.

In *Wm. T. Jarvis Co. v. Wes-Tex Grain Co., supra,* the court found that not only had the plaintiff again become active in the prosecution, but also that there had been a great deal of activity in the case for all times except for two years and five months of dormancy.

We do not believe that the *Moore* case stands for the proposition that regardless how long the case has been dormant, it cannot be dismissed if the plaintiff announces ready for trial after the motion to dismiss has been filed. To so hold would allow cases to linger for unreasonable times without being tried or dismissed. As the Supreme Court determined in *State v. Rotello, supra,* the trial court was entitled to consider the entire history of the case. A review of the entire history of the present case shows that it had been pending for nearly a quarter of a century and that for a seventeen year interval no request for a trial setting was made. There had not been a record of activity in the case—only a request for setting that came after seventeen years, after the case had been placed on the dismissal docket. Under these circumstances, we do not find that the trial court abused its discretion.

The judgment of the trial court is affirmed.