Weems v. Peacock dba Western Auto et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-240-CV

     DALE WEEMS, ET UX,
                                                                                              Appellants
     v.

     EDDIE PEACOCK, D/B/A WESTERN AUTO, ET AL.,
                                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 31,388
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Dale Weems and wife, Judy Weems, were prosecuted for the criminal offense of
hindering secured creditors and were convicted after a trial by jury, the assessed punishment being
30 days in jail and a fine of $500 each, the jail time and fine being probated.
      On appeal the court of appeals reversed, finding that the State had failed to prove beyond a
reasonable doubt that Appellants had concealed the property from its owner, as alleged in the
information. Weems v. State, No. 10-89-064-CR (Tex. App.—Waco, February 1, 1990,
unpublished). Pursuant to this opinion, a judgment of acquittal was entered.
      Appellants filed the present civil lawsuit on January 25, 1991, alleging eight causes of action
arising out of the criminal prosecution. The defendants to this civil suit were Eddie Peacock,
individually and d/b/a Western Auto; Dan V. Dent, District Attorney of Hill County; Sheriff Brent
Button of Hill County; the Hill County Sheriff's Department; and Hill County, Texas.        On
March 28, 1992, a partial summary judgment was entered in favor of Hill County, Sheriff Brent
Button and the Hill County Sheriff's Department. Thereafter, efforts were made to mediate the
case. Based upon the failure of Plaintiff-Appellants to respond to a court order concerning the
appointment of a mediator and participation in mediation by a certain date, the trial court entered
an order dismissing Appellants' remaining causes of action for want of prosecution. The trial
court having granted this motion to dismiss Appellants' remaining causes of action for want of
prosecution and having refused to reinstate such causes of action, Appellants appeal to this court
on two points of error. Appellants and Dan V. Dent, District Attorney, settled Dent's part of the
case. We will overrule Appellants' points of error and affirm the trial court's judgment.
      By their first point of error Appellants assert the trial court erred in refusing to reinstate
Appellants' case. The trial court's order refusing reinstatement was entered without a hearing. 
Appellants contend the trial court committed reversible error in its failure to hold a hearing on the
motion to reinstate, citing Rule 165(a)(3) of Texas Rules of Civil Procedure. However, Appellant
never requested a hearing. Before trial court error can be found in the failure to set a hearing on
a motion to reinstate, the movant must request a hearing. Cabrera v. Cedarapids, Inc. 834
S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1992), error denied, 847 S.W.2d 247, (Tex.
1993); also see Kelly v. Cunningham, 848 S.W.2d 370, 371 (Tex. App—Houston [1st Dist.] 1993,
no writ). Appellants' first point of error is overruled.
      Appellants' second point of error contends that the trial court erred in dismissing Appellants'
case for want of prosecution. The trial court has the inherent power to dismiss cases not
prosecuted with due diligence. State v. Rotello, 671 S.W.2d 507, 508-509 (Tex. 1984); Southern
Pacific Transportation Co. v. Stoot, 530 S.W.2d 930 (Tex. 1975). The matter rests in the sound
discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to
review. Upon review, the question is whether there was a clear abuse of discretion by the trial
court. Bevil v. Johnson, 307 S.W.2d 85 (Tex. 1957).
      Olin Corporation v. Coastal Water Authority, 849 S.W.2d 852, 855 (Tex. App.—Houston
[1st Dist.] 1993, no writ) has this to say about the trial court's discretion in dismissing a case for
lack of due diligence:
A trial court has the authority to dismiss a case for want of prosecution under Rule 165a,
Texas Rules of Civil Procedure, and pursuant to its inherent powers. (Citations). In
deciding whether to dismiss a case for lack of due diligence, the trial court is entitled to
review the entire history of the case, including the length of time the case was on file, the
amount of activity in the case, the request for a trial setting, and the existence of
reasonable excuses for delay. (Citation). No single factor is dispositive. A trial court
abuses its discretion and may be reversed only if it has acted in an unreasonable or
arbitrary manner. (Citation).

      In the case at bar, we are of the opinion and hold that the trial court did not abuse its
discretion but acted properly in entering the order of dismissal and in refusing to reinstate as it did. 
This case was filed more than four years prior to the time it was ultimately dismissed; the
Appellants never requested a trial setting; Appellants propounded no discovery process; Appellants
took no formal action regarding their claims against the Appellees after the partial summary
judgments were granted, which was during a time of three years; meanwhile Appellees made
efforts to attempt to dispose of this case, including an effort to get mediation in the latter part of
1994. In response to such efforts, Appellants failed to agree to attend mediation and failed to
attend any mediation hearings. In summary, Appellants have failed to prosecute this action, and
have failed to pursue settlement.
      Under this state of the record the trial court was entitled to dismiss this action either under
Rule 165(a) or under the inherent power or both. State v. Rotello, 672 S.W.2d 507, 508-9 (Tex.
1984); Leverman v. Cartall, 715 S.W.2d 728, 730-31 (Tex. App.—Texarkana 1986, writ ref'd
n.r.e.); Veterans Land Board v. Williams, 543 S.W.2d 89, 90 (Tex. 1976); Coven v. Heatley, 715
S.W.2d 739, 740 (Tex. App.—Austin 1986, writ ref'd n.r.e.); Torres v. Rios, 869 S.W.2d 555,
556-7 (Tex. App.—Corpus Christi 1993, no writ). We overrule Appellant's second point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed November 6, 1996
Do not publish 



sagree. Olowosuko had no motion
for rehearing, whereas a motion for rehearing in Phynes was denied on April 15, a month after
Olowosuko was issued. Thus, Phynes was the Court’s last word directly on the subject.
      My esteemed colleagues miss the apparent differentiation between affirming a trial court
judgment as compared to dismissing an appeal. This distinction comes from the very
definition of the terms. Affirm is defined as: “To confirm (a judgment) on appeal.” Black’s
Law Dictionary 59 (Bryan A. Garner ed., 7th ed., West 1999). To confirm means to give
formal approval of something. Id. at 294. Whereas dismiss is defined as: “To send
(something) away; specif., to terminate (an action or claim) without further hearing, esp.
before the trial of the issues involved.” Black’s Law Dictionary at 482. In neither of these
appeals have we reviewed any aspect of the judgment. Therefore, we cannot give formal
approval of, or affirm, the trial court’s judgment. Indeed, we have determined that although
our jurisdiction has been invoked by a notice of appeal, we do not have jurisdiction to review
any of the issues argued by either appellant. Thus, neither appellant has presented anything we
can review, and we must terminate their appeals without review of the issues presented. That
is, we must dismiss the appeals.
      Is this a distinction without difference? No. There is at least one critical distinction
between a judgment of affirmance and the dismissal of an appeal. An affirmance, as is a
reversal, is a judgment of the court that can be enforced by a writ of prohibition. Holloway v.
Fifth Court of Appeals, 767 S.W.2d 680, 683 (Tex. 1989). However, when a court does not
rule on the merits of an issue and properly dismisses the appeal, it does not issue a judgment
that is capable of enforcement by the extraordinary writ of prohibition. Id. See also Fitch v.
International, 354 S.W.2d 372, 373 (Tex. 1962). I have not engaged in an exhaustive search
for other distinctions that may merit consideration.
      A former colleague of mine frequently instructed new lawyers: “You are a lawyer now. 
Words are your tools. Learn to use them with precision.” I took that instruction to heart. As
a judge, I try to be even more careful.
      Because we have reviewed no aspect of the validity of the judgments, we should dismiss
these appeals.


 Because the majority affirms the judgments, I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Chief Justice

Dissenting opinion delivered and filed March 17, 2004
Publish